Daryll Mason
F-01903-88
F-10709-88
23 DC. Code 1328-89
F-8729-94
DC/DC 231-891 {Reg. No. 09497-007}
Correction Corporation of America
1901 E ST. S.E.
Washington D.C.

FILED
FEB 27 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mr. Daryll Larenzo Mason
Petitioner

Civil Action No. _____

U. S. Parole Commission
5550 Friendship Boulevard
Chevy chase MD 20815-7286
Mr. Fred Figueroa   {Warden}
Correction Corporation of America
1901 E ST. S.E.
Washington DC. 20003

CASE NUMBER  1:06CV00358

JUDGE: Royce C. Lamberth

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 2/27/2006

PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN CUSTODY
IN THE DISTRICT OF COLUMBIA

I am being held illegally on expired sentences because of inaccurate sentence calculation, in violation of my constitutional rights, 28 USC Section 2254.

D.C. Superior Court
300 Indiana Avenue N.W.

**Statement of Fact**
Case No. F01903-88 Distribution of Cocaine
Arrest Date (2-19-88) Sentenced in 1988
Length of sentence (18 to 54 months)

I entered a plea of guilty in this case. I did not file an appeal on this case. I am challenging the calculation of my sentence which has subjected me to being unconstitutionally imprisoned.

**Calculation of sentences:**
This is the first charge that I was sentenced to in 1988. No less than 18 months and no more that 54 months. This is a non-mandatory sentence. This sentence has parole eligibility, short term (mandatory release date) and a maximum release date (expiration date).

1

**Indeterminate System:** Case F-01903 Sentence (4-1/2years) started in 1988. This was the only (first) sentence I received. This sentence parole eligibility, short-term, and full term date were passed prior to my release on parole in 1995. At no time prior to my release did DOC, (Department of Correction) or D.C. Parole board take any action to stop my initial sentence prior to this time. I served over six years in prison before being granted initial parole on sentences. **This sentence should have expired after the service of 4-1/2 from 1988 to 1993 prior to release in 1995.**

**DOC. uses aggregation and ignores statutory and maximum dates.** The original purpose of aggregation was an administrative procedure to determine parole eligibility. Aggregation is used as a convenience to themselves, however DOC, BOP, (Bureau of Prison) and USPC, (United States Parole Commission) uses this procedure illegally, altering and restructuring sentences. They ignore the courts sentencing instruction in the process. This is blatantly wrong. If aggregation is to be used, each sentence must still have a maximum expiration date or the courts sentencing instruction are not being followed.

**Refer to Exhibits 1,2,and 3, to further clarify the circumstances.**

**When computing consecutive sentences**, BOP, DOC, USPC, adds them together making one maximum and statutory date. This is also wrong. By changing sentence structure DOC, BOP, USPC, are allowed to use expired sentences for minor violations. This results in longer incarceration than the courts ordered. If paroled to each sentence consecutively as court ordered all sentences would have expired.

**Case NO. F-10709 Distribution and Poss. With Intent to Distribute Cocaine**
**Arrest Date (9-7-88) Sentenced Date (1989)**
**Length of sentence 20 months to 60 months**

I went to trial in this cases and was found guilty. This was a jury trial. I did not testify. A direct appeal was submitted. No other appeal was filed after the initial direct appeal.

The judge ordered this sentence to be consecutive to the sentence of case F-01903. The only mandatory incarcerated portion of this case F-10709 ( 20 months ) is to be consecutive to all other sentences. If aggregation is to be used on this sentence to determine parole eligibility, it should not change the sentence expiration date. This sentence should have started after the service of 18 months on the sentence of case F-01903. [You can refer to my institutional file, (Parole Notice of Action from 1995), it was an initial grant of parole by DC. Parole Board.

Once parole has been granted I have every right to understand that sentence time is to continue DC takes running until some action. Parole Board or USPC to stop sentence. The maximum life of this sentence is 5 years after the sentence begins. If there is no action taken by DC Parole, USPC, DOC, BOP, to stop or disrupt sentence before 5 years then the sentence is expired. When sentences are not being conducted in this manner the courts instructions are also not being followed.

**To change a sentence expiration dates is illegal.** Through aggregation BOP. DOC, USPC, will make shorter sentences one long sentence, thus in the process incarcerating a person longer than the court sentence through sentence management. By managing a sentence in this manner they are allowed a larger window period to use minor violations to violate parole resulting in even longer incarcerations. To allow this is wrong.
 **Surely, after the service of over six consecutive years of incarceration and over three continued years of parole supervision (Case No F-10709), five year sentence has expired.**

**Case No F-10709 23DC Code 1328-89**
**Length of Sentence 1 to 3 years**

2

**The District Attorney did not follow proper procedures in requesting the court to enhance this sentence.** I never challenged this sentence because DOC computed this sentence concurrently, however the District Attorney never mention charging me or file any papers in court in reference to this charge during pretrial or trial. They waited until sentencing to request enhancement on this charge. This was wrong. **The court should not have allowed this sentence. I was never late for court or missed any court dates. The pretrial and trial court records can prove this.**

**In 2002, BOP recalculated my sentences.** I was informed at that time that 23DC code 1328 was computed incorrectly by DOC. That DOC calculated the sentence concurrent instead of consecutively to other sentences. This sentence at that time was over 13 years old. I was told that by law the sentence must be consecutive to any other sentence.

**This is also an indeterminate sentence, meaning it has an undetermined parole eligibility, (which is determined by Parole Board) the courts determine statutory and maximum release dates.** BOP ignores these dates again. BOP adds three years to remaining time on sentence. I never had a parole hearing on this sentence. If this sentence had been computed properly in 1989, after servicing the one year minimum of this sentence, {which at the time of my initial parole grant, when the parole board granted parole on this case F-10709, I had served more than enough time to cover the minimum portion of this sentence 23DC Code 1328-89} the remaining two years would have expired while I was on parole from 1995 to 1998. I never had an opportunity to challenge this sentence. This is poor sentence management.

**Case No F-8729-94 Prison Breach**
**Arrested and Sentenced in 1994**
**Length of Sentence (4 months to 12 months)**

I entered a plea of guilty in this case.
I did not file an appeal on this case.

I was sentenced in 1994 on F-8729-94. This case is mandated by law to be consecutive to any other sentence. This is as an indeterminate sentence. **DOC, BOP, USPC uses aggregation again, ignoring full term expiration date.**

In June 1995 DC parole board granted parole at initial hearing on charge F-8729-94. This notice of action clearly specified separately parole shall be granted on charges F-01903-88 and F-10709 also. Once parole is granted on a sentence the sentence continues running until some action is taken by DC Parole Board or USPC to stop the sentence. After the service of the 4-month minimum on charge F-8729-94 and parole was granted in 1995 the most time that could have been remaining on this 4 to 12 month sentence is 8 months. I remained on parole for over three consecutive years after parole grant; surely, the 8 months remaining on this sentence expired during that period of parole from 1995 to 1998. This is gross sentence mismanagement.

Finally, after the service of an additional 50 plus months of incarceration and over four more years of parole supervision I am told that these sentences still have not expired. That I still have over three years remaining on these sentences. The longest sentence was only 5 years maximum. It started in 1989. It should have expired. Even the one-year sentence has not expired after a parole grant in 1995, 13 years ago. To ignore maximum dates is wrong.

My original institutional file will support all statements that I have made. In my original institutional file are parole notice of actions and all the other necessary documents to support what I have stated. In addition, there is a copy of the computation that the BOP did in 2002. I appealed this all the way through the central office of BOP and did not receive a favorable response. I exhausted all institutional remedies to resolve this matter. **See Attached Charts.**

3

I am requesting a recalculation of my sentences and grant me a to stay order in DOC until my motion is adjudicated. I am further requesting immediate release to avoid further subjection to irreparable harm, as well as additional violation of my constitutional rights.

Respectfully Submitted

*Daryll Mason*
2-9-06

Daryll Mason

## Exibit 1

**Case (A) F-01903**
Sen. 1988
4-1/2 years
18 to 54 months

| Mini-Date | Statutory Date | Max. Date |
|---|---|---|
| 18 mon. | | 54 mon. |

**Case (B) F-10709**
Sen. 1989
5 years
20 months to 60 months

| Mini Date | Statutory Date | Max. Date |
|---|---|---|
| 20 months | | 60 months |

**Case (C) 23 DC 1328-89**
Sen.1989
3 years
12 to 36 months

| Mi. Date | Sta. Date | Max. Date |
|---|---|---|
| 12m. | | 36m |

**Case (D) F-8729-94**
S.1994
1 year or 4 to 12 mon.

| M S | M D | M D |
|---|---|---|
| 4m | | 12 m. |

## Exibit 2

| Minimum Date or Parole Eligibility Date | Statutory Date or Manditory Release | Maximum Date or Expiration Date |
|---|---|---|
| 54 Months or 4 - 1/2 years | | 162 Months or 13 -1/2 years |

|— Larger Window For Violation 9 years —|

**Exibit 1:** Shows each sentence conscecutive in the order in which the court sentenced me. Each sentenced has it's own Minimum, Staturory and Maximum date.

**Exibit 2:** Shows how DOC, computate sentences as a convience to themselves. They ignor maximum dates on each sentence. They add them together making one long sentence. This allows larger window periods for violation, resulting in lost of all time spent on parole for minor infraction. Violations often occur after sentence should have expired if maximum dates were honored.

FILED FEB 27 2006 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

06 0358

```
                    Sentence (B)
                    20 to 60 months    Sentence (C)
                   ┌─────────────────┐ 12 to 36 mon.
                   │  Maximum Date   │┌──────────┐  Sentence (D)
   Sentence (A)    │   60 months     ││36 months │  4 to 12 mon.
                   │                 │├──────────┤ ┌──────────┐
   18 to 54 months │                 ││          │ │12 months │
                  ┌┤ Statutary Date  ││Statutory │ │Statutory │
  │Maximum Date   ││                 ││  Date    │ │4 months  │
  │ 54 months     ││                 │├──────────┤ └──────────┘
  │               ││                 ││12 months │    (D)
  │               ││                 │└──────────┘
  ├───────────────┤│                 │    (C)
  │Statutory Date ││Parole Elgibility│
  │               ││   20 months     │
  │               ││                 │
  │               │└─────────────────┘
  ├───────────────┤       (B)
  │Parole Elgibility│
  │   18 months   │
  └───────────────┘
```

Exibit-3  (A)

Shows the way the court ordered, consecutively. This graphic shows how each sentence would have its own expiration date after being paroled one another. Again sentence (A) 18 to 54 months would have expired after the 54 months max. This was initial sentence that started upon sentencing in 1988. The remaining sentences should have expired while on parole initial parole from 1995 to 1998. The most time remaining on any sentence would have been less than 3 years remaining.

   Even if it is determined that you can only serve one sentence parole at a time con-
   secutively, than each sentence would expire after the remaining time on each sentence
   separately. All sentences would have expired.

**Example**: If it was determined that you owed a total of 5-1/2 years on parole from 3 different sentences. You owed 3 years one, 2 years on another, and 6 months final. If their was 3 years remaining on sentence (B) 20 to 60 months, than after the 3 years on sentence B is served than sentence B is finished. The time remaining on sentence C would start. If violation should occurs while parole is being served on remaining time on sentences, than sentence B time should not be reapplied to sentence because sentence B had already been satisfied. This way sentences are still allowed to expire after the service of the time that the courts sentenced. That way the courts instructions are still being followed.