UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARYLL LARENZO MASON,                )
                                     )
       Petitioner                    )
                                     ) Civil Action No. 06-0358 (RCL)
                                     )
       v.                            )
                                     )
UNITED STATES PAROLE COMM'N,         )
et al.,                              )
                                     )
       Respondents                   )
_____)

U.S. PAROLE COMMISSION'S OPPOSITION TO
PETITION FOR WRIT OF HABEAS CORPUS

The United States Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to petitioner's February 27, 2006 petition for a writ of habeas corpus. Petitioner is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Otisville, New York, serving sentences imposed for convictions in D.C. Superior Court. Petitioner claims that he is entitled to immediate release because he is being held illegally on expired sentences. His contentions are without merit and should be summarily rejected.

Background

In 1988, petitioner was convicted in D.C. Superior Court on a charge of unlawful distribution of a controlled substance (cocaine) in case F-1903-98. On September 28, 1988, he was sentenced to a term of eighteen to fifty-four months' imprisonment. In case F-

10709-88, on August 8, 1989, petitioner was sentenced to twenty months to five years for unlawful distribution of cocaine (count "B") and possession with intent to distribute cocaine (count "C"), the sentence on each count to run concurrently with one another, but consecutively to any other sentence. Because petitioner committed the crimes in F-10709-88 while on release in F-1903-98, the court imposed an additional one to three years to run consecutively, pursuant to D.C. Code § 23-1328. The sentences in these two cases were aggregated for a total term of one year, thirty-eight months to eight years, fifty-four months pursuant to D.C. Code § 24-428(a)(6) (now repealed) (Declaration of Augustus Faller ("Faller Decl.") (Attachment A), ¶ 3).[1]

While serving these terms, petitioner was twice placed on escape status: from January 11, 1992 until January 13, 1992, and from August 20, 1993 until June 6, 1994, for a total of 290 inoperative-time days. Faller Decl. ¶ 3.

On October 20, 1994, petitioner was sentenced for prison breach in case F-8729-94 to a term of four to twelve months. Because the Judgment is silent, the BOP treats this sentence as running consecutively to petitioner's other sentences, pursuant to D.C. Code § 23-112. Petitioner's new aggregated maximum term is eight years, sixty-six months, per D.C. Code § 24-428. Faller

---

[1]    The Faller Declaration references the Sentry printout for petitioner, which is attached hereto as Attachment B.

Decl. ¶ 4.

Petitioner was paroled from these sentences on June 19, 1995 with 2718 days remaining to serve, but his parole was revoked on May 23, 1998.  Petitioner was paroled from this violator term on April 7, 1999 with 2398 days remaining to serve but his parole was revoked again on November 4, 1999.  Petitioner was paroled from this violator term on March 30, 2001 with 1885 days remaining to serve but his parole was again revoked on January 28, 2002. Petitioner was paroled on September 30, 2003 with 1276 days remaining to serve.  Faller Decl. ¶ 5.

Petitioner's parole was revoked yet again on November 3, 2005. The United States Parole Commission denied Petitioner re-parole and ordered him to continue his sentence to the expiration of his maximum term.  Petitioner's projected release date is July 10, 2008, via Mandatory Parole.  Faller Decl. ¶ 6.

ARGUMENT

1.   Applicable Statutory Provision

Section (a)(6) of D.C. Code § 24-248 ("Institutional Good Time") provides that:

> When 2 or more consecutive sentences are to be served,
> the aggregate of the several sentences shall be the basis
> upon which the good time credits shall be applied.

Section 24-428 (Attachment C hereto), has been repealed, but remains effective for offenses committed on and after April 11, 1987, up to a date in 1994.  See generally Abney v. D.C. Division

3

of Correction, 2006 WL 335761, *1 n.3 (D.D.C. Feb. 13, 2006).

   2.  Analysis

   Petitioner complains that (1) he is being wrongly held on expired sentences, (2) his sentences were aggregated in contravention of law, (3) BOP's sentencing calculation is inaccurate, (4) once parole was granted, his sentence continued to run in the absence of "some action taken," by lawful authority, to the contrary, and (5) he still has more than three years to serve on his aggregate sentence.  These contentions are without merit.[2]

   As the attached declaration explains, petitioner's sentences have not expired, and he has a little over two years of imprisonment to serve, not three years.  Faller Aff. ¶ 6.[3] Further, his sentences in F-1903-88 (distribution of cocaine base) and F-10708-88 (distribution of cocaine base and possession of cocaine base with intent to distribute) were properly aggregated in conformance with D.C. Code § 24-428, which was effective for offenses, like petitioner's, committed on and after April 11, 1987 through June 21, 1994.  § 24-428(a)(6); see generally Chatman-Bey v. Meese, 797 F.2d 987, 993 (D.C. Cir. 1986) ("Whether consecutive

---

   [2]    Petitioner also requests (at 4) recalculation of his sentence.  This has been accomplished.  See Declaration of Augustus Faller.

   [3]    Petitioner's claim that BOP's sentencing calculation is inaccurate appears to be premised, at least in part, on the erroneous understanding that he has three years of incarceration yet to serve.

sentences are imposed solely under the U.S. Code or under the federal Code and the D.C. Code, all should be added together to arrive at a single aggregate sentence."), judgment vacated on other grounds, Chatman-Bey v. Smith, 821 F.2d 789 (D.C. Cir. 1987), on rehearing en banc, Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C. Cir. 1988) (en banc); Bryant v. Civiletti, 663 F.2d 286, 290 (D.C. Cir. 1981) ("implicit in the system of penal servitude" is the principle "that the aggregate minimum time to be served on consecutive sentences constitutes the basis upon which the length of the sentence shall be considered in determining the earliest date for parole eligibility"; "appellant's contention that his sentences were improperly aggregated is completely without merit"); Goode v. Markley, 603 F.2d 973, 976 (D.C. Cir. 1979) ("Goode's narcotics sentence [under U.S. Code] and her armed robbery sentence [under D.C. Code] were . . . imposed by the same sovereign and . . . are to be served in the same penal institution[;] [t]hat being so, it is well settled that it is proper for the U.S. Parole Commission to aggregate consecutive sentences for the purposes of determining parole eligibility").[4]

---

[4]    Petitioner has chosen the wrong vehicle to pursue his contention (at 2-3) that the government "did not follow the proper procedures in requesting the court to enhance th[e] sentence" under D.C. Code § 23-1328 in case F-10709-88.  He could have raised such a claim through a motion under Super. Ct. Crim. R. 35(a) ("Correction of Sentence") within 120 days of the date on which sentence was imposed, and his failure to do so precludes him from obtaining relief on this claim at this late date.  See Brown v. United States, 795 A.2d 56, 62 n.1 (D.C. 2002) ("Rule 35

Finally, to the extent that the defendant is claiming that on the occasions when the Commission revoked his parole, it was barred from forfeiting the time he spent on parole, i.e., his street time, he is mistaken.  The law is clear that, upon revocation of parole, none of the time that a prisoner has previously spent on parole in the past can be credited to the service of his sentence, and that the street time is properly forfeited.  See D.C. Code § 24-406(a); United States Parole Comm'n v. Noble, 693 A.2d 1084, 1085 (D.C. 1997) (holding that the time an offender spends on parole before revocation cannot be credited toward service of sentence), adhered to on rehearing en banc, 711 A.2d 85 (D.C. 1998) (en banc); see also Jones v. Bureau of Prisons, 2002 WL 31189792, No. 02-5054 (D.C. Cir. 2002) (appellant cannot receive credit for "street time" after his parole is revoked).[5]

_____

imposes a 120 day window for the correction of a sentence that was imposed in an illegal manner[;] [t]his time limitation is jurisdictional, and . . . may not be circumvented by means of a motion pursuant to D.C. Code § 23-110").

[5]    The forfeiture of street time does not "violate Ex Post Facto or Due Process Clauses" of the Constitution.  Davis v. Moore, 772 A.2d 204, 209 (D.C. 2001)(en banc); see Jones v. Bureau of Prisons, 2002 WL 31189792, No. 02-5054, at 1 (No ex post facto violation when sentence was recalculated to exclude any credit previously given for street time).

<u>Conclusion</u>

For the reasons stated, the petition for a writ of habeas corpus should be summarily denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
(D.C. Bar No. 451-058)
United States Attorney

ROBERT D. OKUN (D.C. Bar No. 457-078)
Chief, Special Proceedings Section


 /s/ _____
THOMAS S. REES
(D.C. Bar No. 358-962)
Assistant United States Attorneys
Special Proceedings Section
555 Fourth Street, N.W., Tenth Floor
Washington, D.C. 20530
(202) 305-1845

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16th day of May, 2006, the foregoing U.S. Parole Commission's Opposition was served on the District of Columbia parties via the Court's ECF system, and that, on this same date, a copy was served on petitioner, <u>pro se</u>, via first class mail, postage prepaid, at the following address:

                    Mr. Daryll Larenzo Mason
                    DC/DC 231-891
                    Reg. No. 09497-007
                    FCI Otisville, New York
                    P.O. Box 1000
                    Otisville, N.Y. 10963


                    /s/_____
                    THOMAS S. REES
                    ASSISTANT UNITED STATES ATTORNEY