# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
------------------------------
                              )
Daryll Larenzo Mason          )
            Petitioner        )
                              )
                              )
        V.                    )    Civil Action No: 06-0358 ( RCL )
                              )
United States Parole Commission)
            Respondent        )
                              )
------------------------------
```

### PETITIONER RESPONSE TO RESPONDENT
### OPPOSITION TO PETITION WRIT OF HABEAS CORPUS

On or about November, petitioner submitted his motion for writ of habeas corpus. On May 16, 2006 the respondent submitted s response to petitioner writ of habeas corpus motion. In this response the respondent has put forth erroneous information that has substantial bearing on the court's determination in this matter.

### ARGUMENT
### AGGREGATION OF SENTENCE

The aggregation of the petitioner sentence through sentence management is requiring the petitioner to serve more time on his sentence then the court sentenced imposed. The u.s.parole commission states that the aggregation of several sentences shall be the basis upon which the good-time credit shall be applied. This is the procedure to determine good-time and parole eligibility. The courts at sentencing have determine the maximum and minimum amount of time, dates, and if a sentence is to be concurrent or consecutive. Clearly consecutive means when one sentence ends and another starts. It's only through mathematical calculation used solely as a convenience to the city or state to determine the total amount of day owed. This convenience should not cause excessive punishment. When the maximum date on a smaller sentence are ignored through sentencing management, it result is cruel and excessive punishment. Any time the results of restructuring a sentence ignore the courts instruction the rule or guideline is illegal. The maximum amount of time the petitioner was sentence to is larger than the entire sentence ( 5 years ). However through sentence management after over 6 consecutive years of incarceration and three additional years of supervised parole without any interruption neither sentence has expire. After an addit-

ional 50 plus months of incarceration and three more years of parole
supervisions. with a remainder or 3 years, 6 months. To allow management of
sentences in this fashion is unjustifiable.

## ARGUMENT
### BOP, USPC SENTENCE CALCULATION IS INACCURATE

The respondent computation states that there is 1276 days remaining on the
petitioner sentence, see: government response page 3 paragraph 1. It states
on 6-19-95 there was 2718 day's remaining to be served on said sentence, par-
ole revoked on 5-23-98. There is no time credited toward sentence between 6-
19-95 thru 5-23-98, the next time there is any credit towards said sentence
is time served between 5-23-98 thru 4-7-99 ( reparole date ) with 2398 day's
remaining. Petitioner did not receive any credit for days served at D.C.Jail
between 12-6-97 thru 2-2-98 see: exhibit (A). Petitioner was incarcerated
from 12-6-97 thru 2-2-98 as a result of a parole warrant. Petitioner argue
that his time has not been credited and applied toward his sentence, see:
exhibit (B) a 2003 computation sheet, which will indicate that there is only
1218 remaining on said sentence. This discrepancy can easily be resolved by
referring back to the original institution sentence computation sheet, how-
ever petitioner has no access to institution file's because all institutional
record are keep in one central location in Annapolis Maryland. The Annapolis
office corrected this discrepancy on an appeal in 2002. The supporting doc-
umentation was place in petitioner institutional file when petitioner was tr-
ansferred to Rivers Correctional Institution, in Winton NC. in 2002. Petitioner
is requesting access to his institutional file's which will verify the correct
amount of time remaining on the petitioner sentence when he was release from
said institution. These day's where applied but are not reflected in this
2006 computation sheet which was computed by the BOP.

## ARGUMENT
### CREDIT FOR TIME SPENT IN DETENTION

On 6-11-04, petitioner was arrested for PWID Cocaine see: exhibit (C) the
arrest report dated 6-11-04. Petitioner was detained in custody from 8-2-04
thru 8-13-04 by the D.C Superior Court, then was released to thirty day drug
program, which is a referral placement sanction program with the pretrial
service program with said court. This program require that you comply with
all rules such as not receiving positive urines, which said petitioner rec-
eived. These sanction are imposed by a special branch of the District of Col-
umbia Superior Court system called " DRUG COURT " see: exhibit (D) INMATE D.C
DETENTION RECORD, page 2 booking history: On three occasions petitioner was
committed and released by the court sanction program, for three days on each

violation time in 2004. Petitioner did failed to comply with sanction pro-
gram and parole conditions, thus both parties lodged warrants against the
petitioner. Petitioner was arrested on 1-1-05 with poss drug para. The court
place no bond status on petitioner and a parole detainer was also lodge.
The drug paraphernalia possession charge was dismissed.  On possession with
intention to distribute petitioner pleaded guilty to a misdemeanor possess-
ion and was sentence to 120 days see: exhibit (D) page 1. Petitioner is now
requesting credit for time spent in detention during that period of 04 and
from 1-1-05 to 11-1-05, this period of time spent in custody is not reflec-
ted in petitioner sentence computation sheet. This time should have been
credited toward the parole detainer and present sentence. By law the petit-
ioner is entitled to receive credit toward a sentence for all time spent in
detention. The booking history will show detention date of 8-2-04 thru 8-
13-04 nine days. In addition to 1-3-05 thru 11-3-05, these days should also
been calculated and appled to this sentence.


ARGUMENT
PREJUDICE BY PAROLE COMMISSION

The parole commission failed to comply with established standards indeter-
mining reparole criteria, commission failed to credit all time spent in det-
ention see: exhibit (E) PAROLE NOTION OF ACTION page 2. Which states that
as of 2-2006 petitioner had been incarcerated a total of three months, when
records will show that petitioner had in fact been incarcerated since 1-3-
05, which is a total of 13 months see: exhibit (D) INMATE D.C. DETENTION
RECORD. The commission also states that a departure from the guidelines at
this time is not warranted, however the commission enhanced petitioner from
a category 3 to a category 4 base solely on the evidence presented at the
hearing ( police report ) see: exhibit (C). In to enhance from a category
3 to a category 4 the weight of the drugs must be established. In this mat-
ter there is clearly no mention of the weight of drugs in the police report,
and there was no evidence presented at the hearing to support such a find-
ing. Category 3 range is 24 months, while category 4 guidelines range is
44 months. If the petitioner is given credit for all time spent in custody
and place in category 3 which apply to the petitioner, it would result in a
different release date. Furthermore the commission denied the petitioner
his due process right, specifically his right to confront witnesses were
denied in violation of Morrisey v. Brewer. The arresting officers were app-
roved as principle adverse witnesses by commission see: exhibit (F) PRINC-
IPLE WITNESS sheet approved by parole commission. However the parole ex-
aminer held a pre-hearing conversation with the arresting officers and di

(3)

smissed the officer prior to parole hearing, there by relying solely on
the police report with no testimony to collaborate the report. Thus de-
ning petitioner the opportunity to depose the witness. Moreover the he-
aring examiner used a simple misdemeanor conviction punishable by a max-
imum of 16 months incarceration. The commission also used a unsubstant-
iated document to enhance the petitioner from a category one to a cate-
gory four, which is a total violation of petitioner due process rights.
The parole commission has failed to respond to any formal appeals on
this matter which where filed in march of 2006 by the petitioner, and
thus the time allowed for a response has elapsed, see parole notice of
action which will substantiate all claims made based on the evidence
used in determining the findings stated on parole notice of action da-
ted 3-9-06 see attached document of parole commission response.

## CONCLUSION

Upon review of the facts stated in the above action which clearly shows
the respondents opposition to the petitioner habeas corpus has no merit.
Thus petitioner motion for relief must be granted.

Respectfully Submitted
-----------------------
Darryl L. Mason Pro. Se.
#09497-007
P.O. Box 1000
Otisville, NY. 10963

Darryll Mason

(4)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this 22 day of June, 2006 I mail a copy
of this motion to:

                    Respondent
                    Thomas S. Rees
                    Assistant U.S. Attorney
                    555 4th Street, N.W.
                    Special Proceeding Section (10th Floor)
                    Washington D.C. 20530

Gov Request See Page 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARYLL LARENZO MASON,                )
                                     )
        Petitioner                   )
                                     )   Civil Action No. 06-0358 (RCL)
                                     )
    v.                               )
                                     )
UNITED STATES PAROLE COMM'N,         )
et al.,                              )
                                     )
        Respondents                  )
_____)

### U.S. PAROLE COMMISSION'S OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

The United States Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to petitioner's February 27, 2006 petition for a writ of habeas corpus. Petitioner is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Otisville, New York, serving sentences imposed for convictions in D.C. Superior Court. Petitioner claims that he is entitled to immediate release because he is being held illegally on expired sentences. His contentions are without merit and should be summarily rejected.

### Background

In 1988, petitioner was convicted in D.C. Superior Court on a charge of unlawful distribution of a controlled substance (cocaine) in case F-1903-98. On September 28, 1988, he was sentenced to a term of eighteen to fifty-four months' imprisonment. In case F-

10709-88, on August 8, 1989, petitioner was sentenced to twenty months to five years for unlawful distribution of cocaine (count "B") and possession with intent to distribute cocaine (count "C"), the sentence on each count to run concurrently with one another, but consecutively to any other sentence.    Because petitioner committed the crimes in F-10709-88 while on release in F-1903-98, the court imposed an additional one to three years to run consecutively, pursuant to D.C. Code § 23-1328.    The sentences in these two cases were aggregated for a total term of one year, thirty-eight months to eight years, fifty-four months pursuant to D.C. Code § 24-428(a)(6) (now repealed) (Declaration of Augustus Faller ("Faller Decl.") (Attachment A), ¶ 3).[1]

While serving these terms, petitioner was twice placed on escape status:  from January 11, 1992 until January 13, 1992, and from August 20, 1993 until June 6, 1994, for a total of 290 inoperative-time days.    Faller Decl. ¶ 3.

On October 20, 1994, petitioner was sentenced for prison breach in case F-8729-94 to a term of four to twelve months. Because the Judgment is silent, the BOP treats this sentence as running consecutively to petitioner's other sentences, pursuant to D.C. Code § 23-112.    Petitioner's new aggregated maximum term is eight years, sixty-six months, per D.C. Code § 24-428.    Faller

---

[1]    The Faller Declaration references the Sentry printout for petitioner, which is attached hereto as Attachment B.

There is no credit for days between 12-6-1997
through 2-2-1992

Decl. ¶ 4.

Petitioner was paroled from these sentences on June 19, 1995 with 2718 days remaining to serve, but his parole was revoked on May 23, 1998. Petitioner was paroled from this violator term on April 7, 1999 with 2398 days remaining to serve but his parole was revoked again on November 4, 1999. Petitioner was paroled from this violator term on March 30, 2001 with 1885 days remaining to serve but his parole was again revoked on January 28, 2002. Petitioner was paroled on September 30, 2003 with 1276 days remaining to serve. Faller Decl. ¶ 5.

Petitioner's parole was revoked yet again on November 3, 2005. The United States Parole Commission denied Petitioner re-parole and ordered him to continue his sentence to the expiration of his maximum term. Petitioner's projected release date is July 10, 2008, via Mandatory Parole. Faller Decl. ¶ 6.

<u>ARGUMENT</u>

1. <u>Applicable Statutory Provision</u>

Section (a)(6) of D.C. Code § 24-248 ("Institutional Good Time") provides that:

> When 2 or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the good time credits shall be applied.

Section 24-428 (Attachment C hereto), has been repealed, but remains effective for offenses committed on and after April 11, 1987, up to a date in 1994. <u>See generally Abney v. D.C. Division</u>

3

## Exhibit A

**From:**    HZG-DSC/Team Alpha~
**To:**
**Date:**    6/6/2006 3:34:21 PM
**Subject:**  09497-007 Mason (re: BP-8)

This is in response to the "Inmate Request to Staff Member" (BP-8) on the above inmate, that was forwarded to the DSCC. In the BP-8, the inmate requested credit for a 60 day period in 1997 that he was arrested on a PV warrant and the warrant was later recalled and the inmate was released.

We reviewed the inmate's current computation and parole violator term (1276 days). Please be advised, the violator term has already been reduced to include the time the inmate is requesting. The inmate was arrested on December 6, 1997, for a parole violation. After the U.S. Parole Commission recalled their warrant, the inamte was released on February 2, 1998. This information was verified thru D.C. Jail records.

Accordingly, all credit the inmate is requesting has already been applied.

Thank you.   *Time has not been credited to sentence*

EXHIBIT B    SEE page 2

```
   OTVA2   540*23 *          SENTENCE MONITORING        *   06-02-2006
   PAGE 003         *         COMPUTATION DATA           *   15:43:03
                              AS OF 09-30-2003

REGNO..: 09497-007 NAME: MASON, DARRYL L


FBI NO...........: 268798JA7           DATE OF BIRTH: 04-11-1956
ARS1.............: OTV/A-DES
UNIT.............: F-A                 QUARTERS.....: F11-008L
DETAINERS........: NO                  NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  09-30-2003 VIA PAROLE

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F10709-88B,C
JUDGE...........................: HANNON
DATE SENTENCED/PROBATION IMPOSED: 08-04-1989
DATE WARRANT ISSUED.............: 01-28-2002
DATE WARRANT EXECUTED...........: 01-28-2002
DATE COMMITTED..................: 01-28-2002
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

-------------------------PRIOR OBLIGATION NO: 010 ---------------------
OFFENSE CODE....:   620
OFF/CHG: DISTRIBUTION OF COCAINE, PRISON BREACH (DC PAROLE
         VIOLATOR)

SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    8 YEARS     66 MONTHS
NEW SENTENCE IMPOSED...........: 1827 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 09-07-1988




G0002       MORE PAGES TO FOLLOW . . .
```

Exhibit B

```
   OTVA2   540*23 *            SENTENCE MONITORING        *      06-02-2006
PAGE 004 OF 004 *             COMPUTATION DATA           *      15:43:03
                              AS OF 09-30-2003

REGNO..: 09497-007 NAME: MASON, DARRYL L


-------------------------PRIOR COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-30-2003 AT RIV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 01-28-2002
TOTAL TERM IN EFFECT............: 1827 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    5 YEARS     1 DAYS
EARLIEST DATE OF OFFENSE........: 09-07-1988

INOPERATIVE TIME.........: REASON    FROM DATE     THRU DATE
                           ESCAPE    02-08-2003    02-09-2003

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 2
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 480
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 10-07-2005
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 01-30-2007

PAROLE EFFECTIVE................: 09-30-2003
PAROLE EFF VERIFICATION DATE....: 09-30-2003
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

ACTUAL SATISFACTION DATE........: 09-30-2003
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: RIV
ACTUAL SATISFACTION KEYED BY....: MPH

DAYS REMAINING..................: 1218
FINAL PUBLIC LAW DAYS...........: 0

REMARKS.......: INMATE RECEIVED FROM DCDOC. /RLJ
                2/07/03 ESCAPED FRM HOPE VILLAGE (2EE) W/1,451 DR TO EFT;
                PRESUMTIVE PAROLE DATE WAS 3/28/03. 2/10/03 RETND TO 2AA;
                2/11/02 USM P/U TRF TO DC JAIL.



   G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

```
   OTVA2   540*23 *            SENTENCE MONITORING          *     06-02-2006
   PAGE 001           *        COMPUTATION DATA             *     15:43:06
                                AS OF 06-02-2006

REGNO..: 09497-007 NAME: MASON, DARRYL L


FBI NO...........: 268798JA7          DATE OF BIRTH: 04-11-1956
ARS1.............: OTV/A-DES
UNIT.............: F-A                QUARTERS.....: F11-008L
DETAINERS........: NO                 NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 04-04-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-10-2008 VIA MAND PAR

---------------------CURRENT JUDGMENT/WARRANT NO: 020 ---------------------
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F1903-88,F10709-88
JUDGE...........................: HANNON
DATE SENTENCED/PROBATION IMPOSED: 09-28-1988
DATE WARRANT ISSUED.............: 01-10-2005
DATE WARRANT EXECUTED...........: 11-03-2005
DATE COMMITTED..................: 03-31-2006
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  620
OFF/CHG: DCC: UNLAWFUL DIST OF COCAINE, POSS W/INTENT TO DIST COCAINE,
         PRISON BREACH

 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    8 YEARS      66 MONTHS
 NEW SENTENCE IMPOSED...........: 1276 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 02-24-1988




G0002        MORE PAGES TO FOLLOW . . .
```

```
   OTVA2   540*23 *              SENTENCE MONITORING          *      06-02-2006
PAGE 002            *          COMPUTATION DATA            *      15:43:06
                                 AS OF 06-02-2006

REGNO..: 09497-007 NAME: MASON, DARRYL L


------------------------CURRENT COMPUTATION NO: 020 --------------------------

COMPUTATION 020 WAS LAST UPDATED ON 05-10-2006 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 11-03-2005
TOTAL TERM IN EFFECT............: 1276 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS      5 MONTHS      29 DAYS
EARLIEST DATE OF OFFENSE........: 02-24-1988

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                    11-01-2005    11-02-2005

TOTAL JAIL CREDIT TIME..........: 2
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 7
TOTAL SGT POSSIBLE..............: 293
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 07-10-2008
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 04-29-2009

NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

PROJECTED SATISFACTION DATE.....: 07-10-2008
PROJECTED SATISFACTION METHOD...: MAND PAR




G0002       MORE PAGES TO FOLLOW . . .
```

**55. EMPLOYMENT HISTORY** (List present employment if any, on Line 1)

| | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
|---|---|---|---|---|
| Present | REFUSED | | | |

**56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES** (Begin with immediate family)

| RELATIONSHIP | DOB/AGE | NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| | | REFUSED | | |

| 57. MILITARY SERVICE: BRANCH/DATE FROM – TO | 58. TELEPHONE CALL MADE | 59. PHONE NUMBER |
|---|---|---|
| NONE | ☐ YES  ☒ NO  ☐ REFUSED | |

**60. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in Item 31.)

The event occurred on 6/11/04 at approximately 2300 at 1400 L ST NW in Washington DC.

I, Officer Pepperman assigned to 3072 in full uniform alonf with mountain bike 307 Officer Kurtz observed D-1 operating a four door Dodge bearing DC tag BX4138 travelling eastbound in the 1400 block of Lst NW with no headlights on. At that time I initiated a traffic stop to advise D-1 of the violation. Officer Kurtz was on the scene to assist me with the stop. At that time I approached the vehicle advising D-1 the reason of the stop. I then asked D-1 to produce a valid license and registration to the vehicle. D-1 then handed over a valid license however could not produce a valid registration. A wales check was made on the tag that was displayed on the vehicle. Wales revealed VIA 3/d dispatcher that the tag did not belong to that vehicle, it belonged on a 1991 Ford. A wales check was the conducted on the VIN# 1B3XC56R7LD825847. Wales revealed that the vehicle belonged to D-1 but was unregistered. D-1 was then placed under arrest for unregistered auto. A search incident to arrest revealed that D-1 had in his possession (2) small green ziplock containing a white rock-likje substance located in his left front pocket. A search of the vehicle's passenger compartment revealed that D-1 also had in his possession a clear sandwich bag containing (8) small green ziplocks which contained a white rock-like substance and (1) small clear ziplock which contained a white rock-like substance located under the driver's seat of the vehicle of which D-1 was operating. Also found under the driver's seat was a medicine bottle with D-1's name on the side of the bottle. The medicine bottle contained 12 small clear ziplocks which contained a white rock-like. A field test of the contents coontained in the ziplocks produced a positive color reaction for cocaine base.The field test was conducted by Officer Labofish. D-1 was the charged with PWID Crack/Cocaine. D-1 was also issued a NOI for no headlights running.

D-1 was identified as Daryll Mason;DOB 4/11/56; SS# 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 and transported to 3/D for processing.

COC(two green from D-1) D-1- Pepperman- H/S- P/B
COC: D-1's vehicle- Pepperman- Labofish(ft)- Pepperman- H/S- P/B

**61. DEFENDANT'S VERSION / REMARKS:** [What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.)]

| 62. RECORD CLERK'S NAME | | 3. | | 5. | | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|---|---|---|
| Anderson | | | | | | |
| | ARREST RECORD SUMMARY | 4. | | 6. | | |
| 1. | 2. | | | | | |

**65. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ no
(If yes, include in Defendant's Version/Remarks Section above.)

| 66. PRINTED NAME – OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 66. SIGNATURE OF REVIEWING OFFICIAL |
|---|---|---|---|
| Pepperman, Mike | 751 | OFC | |
| 67. SIGNATURE OF OFFICER MAKING STATEMENT | UNIT | DATE | UNIT    3D    DATE  6/12/04 |
| | 3/D | 6/12/2004 | |

| | | | | |
|---|---|---|---|---|
| Court: | SUPERIOR COURT | | Max Sentence: | 0 yrs 4 mths 0 days |
| Offense Date: | 01/03/2005 | | Date Sentenced: | 11/01/2005 |
| Date Charged: | 01/03/2005 | | VVCC: | $ N/A |
| Counts: | 1 | | Bond Amount: | $ N/A |
| Disposition: | H - TIME SERVED OR SUSPENDED | | Bond Type: | N/A |

## Detainers

| | |
|---|---|
| Complaint #: | N/A |
| Detainer Charges: | FEDERAL PAROLE VIOLATION |
| Complaint Filing Date: | 01/28/2005 |
| Issuing Agency: | US PAROLE COMMISSION |
| Detainer Type: | US MARSHAL |
| Detainer Set By: | N/A |
| Complaint Released: | N/A |
| Release Date: | N/A |

## Transfer History

| | Date/Time | Institution |
|---|---|---|
| From: | 1/3/2005 7:39:10 PM | INITIAL |
| To: | 1/3/2005 7:39:10 PM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| From: | 1/13/2005 12:35:12 PM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 1/14/2005 7:54:58 AM | 11 - CORRECTIONAL TREATMENT FACILITY |
| From: | 11/8/2005 6:22:02 AM | 11 - CORRECTIONAL TREATMENT FACILITY |
| To: | 11/8/2005 6:26:27 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| From: | 11/8/2005 7:35:25 PM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 11/9/2005 5:03:01 AM | 11 - CORRECTIONAL TREATMENT FACILITY |
| From: | 4/3/2006 6:27:07 AM | 11 - CORRECTIONAL TREATMENT FACILITY |
| To: | 4/3/2006 6:28:28 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| From: | 4/3/2006 10:41:21 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 4/3/2006 10:41:21 AM | RELEASE → BOP |

## Booking History

| Booking# | Commitment Date | Release Date | |
|---|---|---|---|
| 2005-00072 | 01/03/2005 | 04/03/2006 | to BOP <<<---Displayed Above |
| 2004-15589 | 11/16/2004 | 11/19/2004 | |
| 2004-15319 | 11/09/2004 | 11/12/2004 | → Sanction by courts Superior Court (Sanction Program) |
| 2004-14964 | 11/02/2004 | 11/05/2004 | |
| 2004-10366 | 08/02/2004 | 08/13/2004 | (By Court) RELEASE to 30 Day Drug Program |
| 2003-01754 | 02/11/2003 | 03/19/2003 | |
| 23189102 | 09/08/1988 | 09/16/2002 | |
| 23189101 | 07/11/1988 | 08/01/1988 | |
| 23189100 | 02/25/1988 | 03/18/1988 | |

## Inmate Record

# 231891 - MASON, DARRYL LORENZO

| | |
|---|---|
| Institution: | 12 - CENTRAL DETENTION FACILITY (CDF) |
| Current Location: | RELEASED |
| Record Status: | INACTIVE |
| Booking Number: | 2005-00072 |
| PDID Number: | 388243 |
| Social Security #: | 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 |
| US Marshal #: | 09497007 |
| # Total Bookings: | 6 Booking History |
| Commitment Date: | 01/03/2005 |
| Release Date: | 04/03/2006 |
| Release Type: | RELEASE TO US MARSHAL |
| In Custody Of: | USMS |
| Parole Elig. Date: | 11/01/2005 |
| Short Term Date: | 11/01/2005 |
| Full Term Date: | 11/01/2005 |

## Personal Data

| | | | |
|---|---|---|---|
| Sex: | MALE | Race: | BLACK |
| Birth Date: | 04/11/1956 | Ethnicity: | AFRICAN AMERICAN |
| Birth Place: | DC | Education: | 12 |
| | | Occupation: | MISCELLANEOUS |
| Hair: | BLACK | | |
| Eyes: | BROWN | Address: | 1355 NEW YORK AVE., NE |
| Weight: | 180 | | APT. #1 |
| Height: | 601 | | WASHINGTON, DC 20020 |

Aliases:    (No Alias SSN's)    (No Alias Names)

## Charges

**Charge: SUP-U094 - UCSA POSS DRUG PARA**

| | | | |
|---|---|---|---|
| Case#: | M0004005 | Min Sentence: | |
| Court: | SUPERIOR COURT | Max Sentence: | |
| Offense Date: | 01/03/2005 | Date Sentenced: | N/A |
| Date Charged: | 01/03/2005 | VVCC: | $ N/A |
| Counts: | 1 | Bond Amount: | $ N/A |
| Disposition: | G - COURT ORDERED DISMISSAL/RELEASE | Bond Type: | N/A |

**Charge: DOC-2749 - DOC-CONDITION OF PAROLE FEL.**

| | | | |
|---|---|---|---|
| Case#: | USPV | Min Sentence: | |
| Court: | SUPERIOR COURT | Max Sentence: | |
| Offense Date: | 11/03/2005 | Date Sentenced: | N/A |
| Date Charged: | 01/03/2005 | VVCC: | $ N/A |
| Counts: | 1 | Bond Amount: | $ N/A |
| Disposition: | N - MARSHAL / FEDERAL REMOVAL | Bond Type: | N/A |

**Charge: SUP-1086 - UCSA POSS COCAINE**

| | | | |
|---|---|---|---|
| Case#: | F0368304C | Min Sentence: | 0 yrs 4 mths 0 days |



USPC                   3/9/2006   9:00   PAGE 1/4   Fax Server

Exhibit E

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: MASON, Darryl | Institution: D.C. CTF |
| Register Number: 09497-007 | |
| DCDC No: 231-891 | Date:      March 9, 2006 |

As a result of the hearing conducted on February 13, 2006, the following action was ordered:

## DC Local Revocation:

Revoke parole.  None of the time spent on parole shall be credited.   Deny re-parole.  Continue to expiration.

You shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Basis for the above stated finding(s):  Your admission and the documentary evidence.

Charge No. 2 - Failure to Submit to Drug Testing

Basis for the above stated finding(s):  Your admission and the documentary evidence.

Charge No. 3 - Law Violation  - (a) Possession With Intent to Distribute Crack Cocaine; (b) Unregistered Auto; (c) Failure to Appear

Basis for the above stated finding(s):  Your conviction for Possession of Cocaine and police report.

Charge No. 4 - Failure to Report to Supervising Officer as Directed

Basis for the above stated finding(s):  Your admission and the documentary evidence.

Charge No. 5 - Failure to Report Change in Residence

Basis for the above stated finding(s):  Your admission and the documentary evidence.

Queued: 03-09-2006 14:20:03 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-General Supervision Unit-Team 4, 25 K Street | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

The Commission makes no findings concerning the following charges:

Charge No. 6 - Law Violation - Possession of Drug Paraphernalia

Basis: There is insufficient evidence to make a finding in the above charge.

**REASONS**:

Your parole violation behavior has been rated as criminal conduct of Category Four severity because it involved possession with intent to distribute crack cocaine (small scale 1 to 9.9 grams). Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of February 2, 2006, you have been in confinement as a result of your violation behavior for a total of 3 month(s). Guidelines established by the Commission indicate a customary range of 34-44 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: Sean McLeod

Queued: 03-09-2006 14:20:03 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-General Supervision Unit-Team 4, 25 K Street | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

U.S. Probation Office
General Supervision Unit-Team 4
CSOSA
25 K Street, N.E.
Washington, D.C. 20002


A. Rodriquez
Public Defender Service
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004


CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2070
Washington, D.C. 20001



Mason 09497-007                    Clerk:   ADC
Queued: 03-09-2006 14:20:03 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-General
Supervision Unit-Team 4, 25 K Street | USM-District of Columbia - District Court, D.C. District Court | FPD-District of
Columbia, District of Columbia - DC |

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | **F** - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Queued: 03-09-2006 14:20:03 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-General Supervision Unit-Team 4, 25 K Street | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

# PUBLIC DEFENDER SERVICE
## FOR THE DISTRICT OF COLUMBIA

BOARD OF TRUSTEES

CYNTHIA D. ROBBINS
CHAIRPERSON
JO-ANN WALLACE
VICE CHAIRPERSON
THOMAS L. BOWEN
EMILIO W. CIVIDANES
CLAIRE M. JOHNSON
HANNAH JOPLING
KARL A. RACINE
JEFFREY D. ROBINSON
DONALD R. VEREEN, JR.
ROBERT L. WILKINS

633 INDIANA AVENUE. N.W.
WASHINGTON. D.C. 20004

(202) 628-1200
(800) 341-2582
TTY (202) 824-2531
FAX (202) 824-2351

www.pdsdc.org

AVIS E. BUCHANAN
DIRECTOR

PETER A. KRAUTHAMER
DEPUTY DIRECTOR

April 5, 2006

Via Facsimile and U.S. Mail
301-492-5543

U.S. Parole Commission
National Appeals Board
5550 Friendship Boulevard
Chevy Chase, MD 20815-7201

*Re: Mr. Darryl Mason, Fed. Reg. No. 09497-007*

Dear Appeals Board:

Mr. Darryl Mason, Federal Registration Number 09497-007 submits the attached appeal. Mr. Mason appeals the United States Parole Commission's decision to revoke his parole based on the finding that he possessed cocaine with the intent to distribute.[1] He argues that there was insufficient evidence to make this finding because no adverse witnesses testified. Moreover his due process rights, specifically his right to confrontation of the adverse witnesses was denied in violation of <u>Morrisey v. Brewer</u>. Mr. Mason additionally argues that the Commission erred in calculating his time in custody.

Thank you for your consideration of Mr. Mason's appeal. If you need further information I can be reached at 202-824-2343.

Sincerely,

Anna Rodriques
Staff attorney

---

[1] Charge 3 in the warrant application.



# APPEAL

**U.S. Department of Justice**
**United States Parole Commission**

Name _Darryl Mason_

Register No. _09497-007_ _____ Institution _D.C. Correction Treatment Facility_

I received a Notice of Action dated _3|10|06_ _____ and appeal that decision under 28 C.F.R. §2.26 and/or §2.220.

_Anna Rodrigues on behalf of Mr. Mason_ _____ _4|4|06_ _____
(Signature)                                    (Date)

**INSTRUCTIONS:**

**Eligibility to file the appeal.** This appeal is available only to: (1) a U.S. Code offender who is eligible for parole (including a military offender); (2) a D.C. Code offender whose term of supervised release has been revoked; (3) a transfer treaty offender who committed the foreign offense before November 1, 1987; and (4) a state offender who is under the Commission's jurisdiction pursuant to 18 U.S.C. §3522.

**Procedures.** The appeal must be mailed to the Commission within 30 days from the date on the Notice of Action. The permissible grounds for appeal are described below. On page two of this form you must provide a brief summary of all the grounds for your appeal. On page three of this form you must provide a statement of the facts and reasons in support of each ground identified in your summary. Continuation pages are permitted for longer appeals. You may provide any additional information in an addendum to your appeal. The Commission may refuse to consider any appeal which does not follow this format. The appeal will be decided on the record, and you will be notified of the Commission's decision through a Notice of Action. Do not submit multiple copies of your appeal, and do not submit documents which are in the Commission's file.

**Mailing address.** You should mail the appeal to U.S. Parole Commission, Appeals Unit, 5550 Friendship Boulevard, Chevy Chase, MD 20815-7201.

**Permissible grounds for appeal.**

(a) The Commission relied on erroneous information, and the actual facts justify a different decision.

(b) There was significant information in existence but not known to me at the time of the hearing, and a different decision would have resulted if the information had been presented.

(c) The Commission made a procedural error in my case, and a different decision would have resulted if the correct procedure had been followed.

(d) The Commission applied a statute or regulation incorrectly (e.g., in determining my period of imprisonment as a supervised release violator, and/or my further term of supervised release).

(e) The Commission made an error in applying the guidelines (error in offense severity rating, salient factor score, and/or calculating time in custody).

(f) A decision outside the guidelines was not supported by the reasons or facts stated in the Notice of Action.

(g) There are especially mitigating circumstances in my case which justify a different decision.

**SUMMARY OF GROUNDS FOR APPEAL**

**Instructions:** Briefly describe the error which you believe to have occurred, or the specific reason for the Commission to give you a different decision. You do not need to repeat the "ground for appeal" (from Page 1) which applies. Try to list your most important grounds for appeal first.

**Ground One:** Please attached appeal from MR Mason. I have supplemented the Ground One issue for appeal with a copy of the Probable Cause Hearing Digest, sections VI. and VII in support of Mr Mason's argument that he Requested the presence of Officers Pepperman, Rios, & Labofish. Officer Labofish's who performed the field testing, presence was denied

**Ground Two:**

**Ground Three:** I supplement MR. Mason's argument that the evidence was insufficient to support to a finding on PWID cocaine, and to increase the category from 3 to 4. MR Mason was denied the right to cross-examine the police officers regarding 2 key facts: 1) Could 20 bags be consistent with possession; and, 2) the actual weight of the drugs. MR Howard committed error when he found that 20

**Ground Four:** zips equals 1 gram. IF this is so, then adverse witnesses would not be necessary. Mr Howard made this finding based on the parole analyst's statement that 20 bags equals 1 gram. Therefore the Commission must reverse the finding on PWID and remand for a hearing to allow MR Mason to cross-examine the officers on the facts listed above. This right to confrontation

**Note:** You may present as many grounds for appeal as you believe necessary. If you have more grounds for appeal than you can summarize in the space provided, you may complete your summary on a continuation page. is guaranteed under Morrisey v. Brewer,

An electronic version of this form can be down-loaded from the Commission's website, www.usdoj.gov/uspc. This form must be used for all appeals filed on or after September 1, 2003.    Page 2 of 4    **Parole Form I-22 (August 2003)**

[  ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

[  ] **Summon** to revocation hearing or  [  ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

---

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Kelly Jones
Status:__X__Approved        _____**Not Approved**        _____**Pending Further Review**

MPD Officer (Charge No. 3)
Name: Mike Pepperman (Badge No.751)
Status:__X__Approved        _____**Not Approved**        _____**Pending Further Review**

MPD Officer (charge No. 6)
Name: Manuel Rios (Badge No.833)
Status:__X__Approved        _____**Not Approved**        _____**Pending Further Review**

---

## VII. Adverse Witnesses Requested by Subject:

Name:_*Same*_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

Name:_*Ratification* *h abolish - Field Test. Audio*_____

Address:_____

Phone No._____

---

**Mason,  Darryl**
**Reg. No. 09497-007    DCDC No. 231-891**