UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARYLL LARENZO MASON, | ) |
|    Petitioner | ) |
| | ) Civil Action No. 06-0358 (RCL) |
| v. | ) |
| UNITED STATES PAROLE COMM'N, et al., | ) |
|    Respondents | ) |

U.S. PAROLE COMMISSION'S REPLY TO
PETITIONER'S RESPONSE TO RESPONDENT'S OPPOSITION

The United States Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to petitioner's response to respondent's opposition to petitioner's petition for a writ of habeas corpus.

Petitioner complains that (1) he should receive sentencing credit for the period December 6, 1997 through February 2, 1998, during which time he was detained on a parole violation warrant (p. 2); (2) he should receive sentencing credit for the period August 2, 2004 through August 13, 2004, during which time he was detained on a new D.C. Superior Court charge of possessing cocaine with the intent to distribute (pp. 2-3); (3) he should receive credit for the period January 1, 2005 through November 1, 2005, during which time he was held on a D.C. Superior Court charge of possessing drug paraphernalia (pp. 2-3); and (4) the United States Parole

Commission committed certain substantive and procedural errors in connection with its March 9, 2006 Notice of Action ("NOA" (Exhibit E to petitioner's response)) revoking his parole (pp. 3-4).

As reflected in the NOA (at 1), the Commission found that petitioner had violated the conditions of his release in that he had: (1) used dangerous and habit forming drugs, (2) failed to submit to drug testing, and (3) violated the law: (a) possession with intent to distribute crack cocaine, (b) unregistered auto, and (c) failure to appear. The Commission also found that petitioner had failed (4) to report to his supervising officer as directed, and (5) to report change in residence.

The Commission explained (NOA at 2) that petitioner's "parole violation behavior ha[d] been rated as criminal conduct of Category Four severity because it involved possession with intent to distribute crack cocaine (small scale 1 to 9.9 grams)." The Commission noted that petitioner had been "in confinement as a result of [his] violation for a total of 3 month(s)."

As to petitioner's complaints, first, in light of a further review of petitioner's records and receipt of additional information, petitioner will receive credit for the period December 6, 1997 through February 2, 1998. During this time period, he was held in custody on a parole violation warrant executed December 6, 1997. This credit changes petitioner's projected release date from July 10, 2008 to June 2, 2008. Compare May 16, 2006 Declaration of

2

Augustus Faller (attached to our Opposition) at ¶ 6 <u>with</u> September 25, 2006 Faller Declaration (Attachment A hereto) at ¶ 10.

In addition, as the Faller Declaration explains, petitioner properly did not receive sentencing credit for the period between August 2, 2004 through August 13, 2004, because he was ordered committed by the D.C. Superior Court on case number F-3683-04, not in connection with his parole violation. September 25, 2006 Faller Decl. (Attachment A hereto) ¶ 8.

Further, petitioner is not entitled to credit for the period January 1, 2005 through November 1, 2005 during which time he was held on case number F-3638-04 because he was convicted on that charge on November 1, 2005. Faller Decl. ¶ 9 (quoting D.C. Code § 24-221.03(b)). <u>See</u> <u>also</u> <u>United States v. Thompson</u>, 994 F.2d 864, 868 n.6 (D.C. Cir. 1993) ("had Thompson been acquitted in this case, the pretrial incarceration would have counted as time served toward the D.C. sentences") (citing § 24-431(b) (prior codification of § 24-221.03(b))).

Finally, petitioner (at 3-4) complains that the Commission: (1) failed to credit certain time he "spent in detention," arguing that the NOA wrongly records that, as of February 2, 2006, petitioner had been incarcerated for three months, rather than thirteen months; (2) wrongly enhanced petitioner's offense severity rating from Category 3 to Category 4, based solely on a police report, without actually weighing the drugs in question, such that

a more favorable release date would result were this error corrected; (3) denied petitioner's right to cross-examine witnesses; specifically, the parole examiner held a pre-hearing conversation with arresting officers and then dismissed them prior to the parole revocation hearing, relying solely on the police report; and (4) failed to respond to petitioner's April 2006 appeal.

In fact, the Commission's National Appeals Board issued a decision in petitioner's appeal in a two-page Notice of Action on Appeal ("NOAA") on June 13, 2006 (Attachment B hereto). That document reflects that it was mailed to petitioner's counsel therein, but it may not have reached petitioner himself until after he filed his response here. The NOAA indicated that: (1) petitioner had been in custody *on the Commission's warrant* for three months, not thirteen, as of February 2006 (NOAA at p. 2); (2) it was changing petitioner's offense severity rating from Category Four to Category Three because the exact amount of drugs involved could not be determined; however, this did not result in a change in petitioner's projected release date in light of petitioner's failure to appear in court, a charge whose ramifications had not been considered by the examiner (<u>id.</u> at 2); and 3) with respect to one officer who appeared at petitioner's hearing but was dismissed before it began, he was subpoenaed with respect to a charge on which no finding was made, so that petitioner suffered no prejudice

4

(id. at 3). These determinations, which granted petitioner a portion of the relief he seeks, are at all events plainly reasonable and should not be overturned. See Ash v. Reilly, 431 F.3d 826, 830 (D.C. Cir. 2005) ("the question is whether the decision to revoke parole is either totally lacking in evidentiary support or . . . so irrational as to be fundamentally unfair")(internal quotation omitted); Allston v. Gaines, 158 F. Supp. 2d 76, 79 (D.D.C. 2001) (judicial review of Parole Commission's decision is confined to determining whether there is "rational basis" in the record).[1] Similarly, the NOAA also correctly noted (at 1) that petitioner's "right to confront adverse witnesses" at a parole revocation hearing "is not absolute." See Ash, 431 F.3d at 829-830 (while due process imposes certain rights and limitations on the conduct of revocation hearings, they are "not coextensive with those applicable in criminal trials") (citing

---

[1] To the extent that petitioner is claiming (at p. 2) "street time" credits for any portion of the period June 19, 1995 through May 23, 1998, on which day his parole was revoked, his claim should be rejected. As we have shown in our Opposition (at 6), upon revocation of parole, none of the time that a prisoner has previously spent on parole can be credited to the service of his sentence: "street time" is properly forfeited. D.C. Code § 24-406(a); Jones v. Bureau of Prisons, 2002 WL 31189792 (D.C. Cir. 2002) (offender cannot receive credit for "street time" after revocation of parole); United States Parole Comm'n v. Noble, 693 A.2d 1084, 1085 (D.C. 1997) (the time an offender spends on parole before revocation cannot be credited toward service of sentence), adhered to on rehearing en banc, 711 A.2d 85 (D.C. 1998) (en banc).

Morrisey v. Brewer, 408 U.S. 471, 480 (1972)).[2]

Finally, petitioner additionally claims (at 4) that the use of an "unsubstantiated document" -- evidently referring to the police report on which the Commission relied -- "to enhance" his offense severity rating violated due process. This vague contention should be rejected too, because the Commission's reliance on a detailed police investigative report, bearing sufficient indicia of reliability, does not violate due process. See Ash, 431 F.3d at 830 (citing Crawford v. Jackson, 323 F.3d 123, 131 (D.C. Cir. 2003)).[3]

---

[2]   Without elaboration, petitioner also complains that the Commission "failed to comply with established standards in determining reparole criteria," and that "the hearing examiner used a simple misdemeanor conviction punishable by a maximum of 16 months incarceration" (petitioner's response at pp. 3, 4, respectively). Such vague contentions as these, unadorned by any detail, let alone argument, cannot be maintained. United States v. Jones, 1999 WL 414221 (D.C. Cir. 1999).

[3]   From the police report the Commission gleaned the following details: petitioner was arrested in his vehicle with 23 zip lock bags containing crack cocaine, and was "not in the process of selling the cocaine." See Crawford, 323 F.3d at 130 ("[T]he report is a police investigative report . . . . As such, the report is quite detailed, an indicia of reliability.")

## Conclusion

For the reasons stated, the petition for a writ of habeas corpus should be summarily denied.

                                        Respectfully submitted,

                                        KENNETH L. WAINSTEIN
                                        (D.C. Bar No. 451-058)
                                        United States Attorney

                                        ROBERT D. OKUN (D.C. Bar No. 457-078)
                                        Chief, Special Proceedings Division

                                        /s/ Thomas S. Rees
                                        THOMAS S. REES
                                        (D.C. Bar No. 358-962)
                                        Assistant United States Attorneys
                                        Special Proceedings Division
                                        555 Fourth Street, N.W., Tenth Floor
                                        Washington, D.C. 20530
                                        (202) 305-1845

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 25th day of September, 2006, the foregoing U.S. Parole Commission's Reply (with attachments) was served on the District of Columbia parties via the Court's ECF system, and that, on this same date, a copy was served on petitioner, pro se, via first class mail, postage prepaid, at the following address:

        Mr. Daryll Larenzo Mason
        DC/DC 231-891
        Reg. No. 09497-007
        FCI Otisville, New York
        P.O. Box 1000
        Otisville, N.Y. 10963

        /s/ Thomas S. Rees
        THOMAS S. REES
        ASSISTANT UNITED STATES ATTORNEY