IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRYL L. MASON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:06CV00358 |
| | ) |
| U.S. PAROLE COMMISSION, | ) |
| et al. | ) |
| | ) |
| Respondents. | ) |

**DECLARATION OF AUGUSTUS FALLER**

I, Augustus Faller, hereby declare and state the following:

1. I am currently employed by the Federal Bureau of Prisons as Operations Manager at the Designation and Sentence Computation Center in Grand Prairie, Texas. Before assuming my present position, I worked as the Manager of the District of Columbia Records Center. I have been employed by the Bureau of Prisons since August 1989. I have worked in the area of inmate sentence computation since August 1991. In my current position, I am responsible for the sentence computation of felons convicted in the District of Columbia Superior Court.

2. I have personally reviewed the computation of the District of Columbia Superior Court Sentences of inmate Darryl L. Mason, Register Number 09497-007, DCDC Number 231-891.

3. I have revised the petitioner's sentence computation contained in my May 16, 2006 Declaration following reexamination of petitioner's file and examination of documentation from the United

States Parole Commission (USPC), that I just received on August 31, 2006. The documentation from the USPC consisted of the Notice of Action describing the date parole was reinstated, and showing that petitioner was in custody from December 6, 1997 through February 2, 1998. <u>See</u> ¶6. This further review was prompted by receipt of Petitioner's June 22, 2006 Response to Respondent's Opposition to Petition Writ Habeas Corpus and the USPC Notice of Action. <u>See</u> ¶¶ 6-10. I have also attached a revised SENTRY printout consistent with this revised analysis.

4. Petitioner was originally convicted in the Superior Court of the District of Columbia on the charge of Unlawful Distribution of a Controlled Substance(Cocaine), case # F-1903-88. He was sentenced to a term of eighteen (18) months to fifty-four (54) months imprisonment on September 28, 1988. On August 8, 1989, Petitioner was sentenced to twenty (20) months to five (5) years for Unlawful Distribution of Cocaine (count "B") and Possession with Intent to Distribute Cocaine (count "C"), with the sentences to run concurrent to each count but consecutive to any other sentence; plus an additional one (1) year to three (3) years, with this term to run consecutive to petitioner's other sentences in case # F 10709-88. The sentences in these two cases were aggregated together for a total term of one (1) year plus thirty-eight (38) months to eight (8) years plus fifty-four (54) months as per DC Code §24-428 which states in part:

2

> When 2 or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the good time credits shall be applied.

While serving these terms, Petitioner was placed on escape status two (2) times; from January 11, 1992 until January 13, 1992 and August 20, 1993 until June 6, 1994 for a total of two hundred and ninety (290) days of inoperative time days.

5. On October 20, 1994, petitioner was sentenced for Prison Breach in case # F 8729-94 to a term of four (4) to twelve (12) months. Because the Judgment is silent as to whether the sentence is consecutive or concurrent with petitioner's other sentences, the Bureau of Prisons treats this sentence as running consecutive to his other sentences, pursuant to D.C. Code § 23-112. Petitioner's new aggregated maximum term is eight (8) years, plus sixty-six (66) months pursuant to DC Code § 24-428.

6. Petitioner was paroled from these sentences on June 19, 1995 with 2718 days remaining to serve. Petitioner's parole was revoked on May 23, 1998. Based on the information recently received from Parole Commission, Petitioner has now received credit for a total of 59 days for time spent in custody for a parole violation warrant that was executed on December 6, 1997 through February 2, 1998, the date a Notice of Action was issued reinstating petitioner to parole supervision. Petitioner was paroled from this violator term on April 7, 1999 with 2339 days remaining to serve.

7. Petitioner's parole was again revoked on November 4, 1999 and was paroled from this violator term on March 30, 2001 with 1836 days remaining to serve. This period of parole was revoked on January 28, 2002. Petitioner was paroled on September 30, 2003 with 1227 days remaining to serve.

8. Petitioner is not entitled to credit toward his parole violator term for the time period covering August 2, 2004 through August 13, 2004, because he was ordered committed on the District of Columbia Superior Court in # F3683-04, which is unrelated to his parole violation.

9. Petitioner is not entitled to credit toward his parole violation term for the period covering January 1, 2005 through November 1, 2005 because the petitioner was then committed pending charges on Docket #F3683-04.

D.C. Code §24-221.03(b) provides that:

> When a person has been in custody due to a charge that resulted in a dismissal or acquittal, the time that would have been credited against a sentence for the charge, had the charge not resulted in a dismissal or acquittal, shall be credited against any sentence that is based upon a charge <u>for which a warrant or commitment detainer was placed during the pendency of the custody.</u>

Since petitioner was ultimately convicted in Docket #F3683-04 on November 1, 2005, he is not entitled to receive the credit set forth in §24-221.03(b) toward his federal sentence.

10. Petitioner's parole was revoked again on November 3, 2005. The United States Parole Commission denied Petitioner re-

4

parole and ordered him to continue his sentence to the expiration of his maximum term. As before, Petitioner received credit towards this violation term for November 1, 2005 and November 2, 2005. District of Columbia Department of Corrections records show that Petitioner was released from a conviction for Docket# F3683-04 on November 1, 2005 and held on this parole violation warrant until it was executed on November 3, 2005. Petitioner's old full term date was May 11, 2009. Petitioner's is new full term date is March 11, 2009. Petitioner's new projected release date is June 2, 2008, via mandatory parole, provided he maintains good conduct.

I declare under penalty of perjury and pursuant to Title 28, United States Code, Section 1746 that the above is true and correct to the best of my knowledge and belief.

Dated this ___25th___ day of September, 2006.

_____
Augustus Faller
Operations Manager
Designation and Computation Center

5

```
███████████    *     SENTENCE MONITORING      *    09-25-2006
PAGE 001       *      COMPUTATION DATA        *    09:58:35
                      AS OF 09-25-2006

REGNO..: 09497-007  NAME: MASON, DARRYL L

FBI NO............: 268798JA7        DATE OF BIRTH: 04-11-1956
ARS1..............: OTV/A-DES
UNIT..............: F-A              QUARTERS.....: F11-008L
DETAINERS.........: NO               NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 03-01-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 06-02-2008 VIA MAND PAR

-----------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------

COURT OF JURISDICTION............: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER....................: F1903-88, F10709-88
JUDGE............................: HANNON
DATE SENTENCED/PROBATION IMPOSED: 09-28-1988
DATE WARRANT ISSUED..............: 01-10-2005
DATE WARRANT EXECUTED............: 11-03-2005
DATE COMMITTED...................: 03-31-2006
HOW COMMITTED....................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED................: NO
SPECIAL PAROLE TERM..............:

RESTITUTION...: PROPERTY: NO   SERVICES: NO      AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 -----------------
OFFENSE CODE....: 620
OFF/CHG: DCC: UNLAWFUL DIST OF COCAINE, POSS W/INTENT TO DIST COCAINE,
         PRISON BREACH

   SENTENCE PROCEDURE..............: DC GTCA ADULT SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:    8 YEARS       66 MONTHS
   NEW SENTENCE IMPOSED............: 1227 DAYS
   BASIS FOR CHANGE................: PAROLE VIOLATOR WARRANT EXEC
   DATE OF OFFENSE.................: 02-24-1988




G0002      MORE PAGES TO FOLLOW . . .
```

```
███████████  *         SENTENCE MONITORING           *    09-25-2006
PAGE 002 OF 002 *       COMPUTATION DATA             *    09:58:35
                        AS OF 09-25-2006

REGNO..: 09497-007 NAME: MASON, DARRYL L

-----------------------CURRENT COMPUTATION NO: 020 --------------------------

COMPUTATION 020 WAS LAST UPDATED ON 09-05-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 09-25-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 11-03-2005
TOTAL TERM IN EFFECT............: 1227 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS         4 MONTHS      11 DAYS
EARLIEST DATE OF OFFENSE........: 02-24-1988

JAIL CREDIT.....................:      FROM DATE      THRU DATE
                                       11-01-2005    11-02-2005

TOTAL JAIL CREDIT TIME..........: 2
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 7
TOTAL SGT POSSIBLE..............: 282
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 06-02-2008
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 03-11-2009

NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: NOT ELIGIBLE

PROJECTED SATISFACTION DATE.....: 06-02-2008
PROJECTED SATISFACTION METHOD...: MAND PAR




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```