U.S. Department of Justice  
United States Parole Commission  
5550 Friendship Boulevard  
Chevy Chase, Maryland 20815-7201

**Notice of Action on Appeal**

---

Name: Mason, Darryl                                Institution: D.C. Correctional Treatment Facility

Register Number: 09497-007                         Date: June 13, 2006

---

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision. Previous reasons modified.

Your parole violation behavior has been rated as criminal conduct of Category Three severity because it involved possession with intent to distribute crack cocaine (very small scale – less than 1 gram). Your salient factor score is 2. As of February 2, 2006, you have been in confinement as a result of your violation behavior for a total of 13 months. Guidelines established by the Commission indicate a customary range of 24-32 months. Also, you failed to appear, which requires 6-12 months to be added to your original guideline range. Your aggregate guideline range is 30-44 months to be served. After a review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.

**REASONS**:

You contend that you were denied the right to confront and cross-examine adverse witnesses in your case. According to your file, two police officers were subpoenaed to your hearing in regard to the charge of possession with intent to distribute cocaine. The officers did not appear and there is no explanation in the file for their non-appearance.

Your right to confront adverse witnesses is not absolute. In the absence of the testimony from the officers, the hearing examiner reviewed the documentary evidence and considered your version of the offense. You were arrested with 23 zip lock bags which contained crack cocaine. You admitted to possessing the drugs and you were convicted of possession of cocaine. You dispute the determination that you intended to sell the cocaine. You claimed that you would have normally purchased one huge rock but your regular supplier was not available and a different supplier provided you with the drugs in individual bags. In making a decision in your case, the Commission is not limited to considering only your offense of conviction. The Commission is free to consider your overall offense behavior and resolve issues of fact pursuant to a preponderance of the evidence. See 28 C.F.R. Section 2.74. The Commission considered your version of the offense but did not find it credible. Given the division of the cocaine in small bags and the large number of individual bags, the Commission concluded that it was your intent to sell the cocaine. The Board finds no error with this conclusion. You have not established that you were prejudiced by the failure of the officers to appear at the hearing. Since they arrested you in your vehicle and not in the process of selling the cocaine, they could not have provided specific information regarding your intent to sell the drugs. The official report that they prepared charged you with possession with intent to distribute cocaine. The Commission made a determination that you committed this offense after a full and fair hearing.

In regard to the officer that appeared at the hearing but was dismissed prior to the hearing, he was subpoenaed in regard to Charge 6, possession of drug paraphernalia. However, the Commission made no finding on this charge so you were not prejudiced by his failure to provide testimony.

You contend that the testimony of the officers was necessary to establish the weight of the cocaine. The Board finds that the documentary evidence in the Commission's file fails to establish the weight of the drugs. The hearing examiner used a standard calculation and estimated that 20 dime bags equals one gram of cocaine. Since an exact amount of the drugs cannot be deciphered from the documents provided to the Commission, the Board is reducing the offense severity rating from Category Four to Category Three based on a determination that the amount of crack cocaine involved in your offense was less than one gram.

However, the Board notes that an administrative error was made by the hearing examiner in preparing the worksheet because he failed to list the guidelines for the charge of failure to appear. This charge was discussed with you during the hearing and you admitted that you failed to appear in court after you had tested positive for drug use. The hearing examiner noted that with the addition of 6-12 months for your failure to appear, your total guideline range was 40-56 months.

Since the Board has modified the offense severity to Category Three, the base guidelines would be 24-32 months. By adding the guidelines for failure to appear, your aggregate guideline range is 30-44 months.
The Board is making no change in the decision to continue you to the expiration of your sentence. You will serve approximately 42 months until you are mandatorily released from custody. You will therefore be released within your guidelines. The Board finds no reason for a decision outside of the calculated guideline range.

Finally, in regard to your complaint that an error was made in calculating your time in custody, the Board finds that there was an administrative error but that this error does not change the decision in your case. The Notice of Action stated that you had been in custody for three months as of February 2006. This time frame was the amount of time that you had been in custody on the Commission's warrant. For guideline purposes, you had been in custody for a total of 13 months as of the date of the revocation hearing since your arrest on local charges in January 2005. However, no error was made in calculating your release date since that determination was based on the time in custody since January 2005.

All decisions by the National Appeals Board on appeal are final.


Cc:

D.C. Federal Billing Unit
D.C. Department of Corrections
Washington, D.C. 20003

U.S. Marshall Service
District of Columbia - District Court
333 Constitution Ave. N.W., Room 1400
Washington, D.C. 20001
Warrants - Attn: Sean McLeod




U.S. Probation Office
General Supervision Unit - Team 4

CSOSA
25 K Street, NE
Washington, D.C. 20002

Anna Rodriques, Staff Attorney
Public Defender Service
Special Proceedings Division
633 Indiana Ave. N.W.
Washington, D.C. 20004

CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2070
Washington, D.C. 20001