UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARYLL LARENZO MASON, )
                      )
    Petitioner        )
                      )
                      )    Civil Action No. 06-0358 (RCL)
    v.                )
                      )
UNITED STATES PAROLE COMM'N, )
et al.,               )
                      )
    Respondents       )
                      )

RECEIVED
OCT 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PETITIONER'S RESPONSE TO
U.S. PAROLE COMMISSION'S REPLY TO RESPONDENTS OPPOSITION

In response to the U.S. parole commissions reply, without being repetitive, I would like to state that I still maintain the some position as stated previously in my complaint of how my sentence has been computed. I also would further like to address DECLARATION OF AUGUSTUS FALLER ("Dec.A.F.").

"Dec. A.F" page 4.

8. Petitioner is not entitled to credit toward his parole violator term for the time period covering August 2, 2004 through August 13, 2004, because he was ordered committed on the District of Columbia Superior Court in # F3683-04, which is unrelated to his parole violation.

Petitioners Response

I strongly disagree with this case being unrelated to parole violation. The Parole Commission uses the police report from this charge (F3683-04) as the sole piece of evidence to impose category 3 guidelines of 24-32 months sentence.

(1)

The commission uses a failure to appear from this same case to impose and additional 12 months which is the entire sentence imposed by commission. All other violation which were technical only punishable by a maximum of 16 months. They must run concurrent. Technical violation s are category one violations. The only conviction in this case is a simple poss. cocaine (misdemeanor) which also is a category one offense, only punishable by maximum sentence of 16 months. There by without this arrest report which the commission had since 06-11-04 date of arrest this incarceration would be much shorter. Clearly this case has a direct effect on this parole violation.

"Dec. A.F." page 4.

9. Petitioner is not entitled to credit toward his parole violation term for the period covering January 1, 2005 through November 1, 2005 because the petitioner was then committed pending charges on Docket #F3683-04.

Petitioners Response

I disagree for the following reasons: Statement of facts. On 06/11/2004 I was arrested for PWID cocaine. The parole officer was aware of this arrest however this did not result in a parole warrant or hearing. I was released and placed in Pre Trial Services Sanction Program. Exhibit E: Police report dated 06/11/2004. On three separate occasions 11/16/2004 through 11/19/2004, 11/09/2004 through 11/12/2004 and 11/02/2004 these periods of incarceration were imposed. This Program is run through a special branch in Superior Court. These periods of incarceration are imposed as sanctions for failure to comply with program rules. The Court also held me in detention on this case from 08/02/2004 through 08/13/2004, then released to a 30 day drug program.

See Exhibit D: Inmate Record page 2. Booking History. On 01/01/2005 I was arrested for possession of drug paraphernalia. This charge was dismissed. The Court placed me on no bond status and the parole board lodged a detainer against me on 01/28/2005. Exhibit D: Deatainers, Federal Parole Violation (US Parole Commission). On 11/01/2005 I pleas guilty to a simple possession of cocaine (misdemeanor) thus resolving case #F2683-04. I was sentenced to 120 days on 11/01/2005. I had been held in detention a total of 325 days. The Parole Commission activated its warrant that had been lodge against me On 01/28/2005. On 11/03/2005 Parole Commission activated warrant/detainer. A few days later a probable cause hearing was conducted and the parole commission scheduled a revocation hearing for 02/13/2006. I am requesting all time minus the 120 day sentence imposed by the court to be applied towards present sentence/parole detainer that was lodged. A total of 205 days not credited towards any sentence.

The question here is whether I am entitled to credit for all time spent in detention. 18 U.S.C. §3585 (b)(2) : Credit for Prior custody. It further verifies any portion of detention that has not been credited towards another sentence he shall receive that protion of the credit towards anther sentence. The BOP is responsible for making such corrections through the power of the Attorney General. **Hughes v. Slade** cite as **347 F Supp. 2d 821,830 (C.D. 2004).** Specifically page 825., states: Credit for Prior Custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence. [2] In order to be awarded credit for time spent in custody under **§3585(b)(2)**, Petitioner must show: (1) he was in official detention during the relevant time period; (2) the period of

(3)

detention for which credit is sought was served as a result of an **arrest** that occurred **after** the commission of the offense for which he is now serving a federal sentence; (3) the detention resulted from an arrest for some other charge; and (4) the time period claimed has not been credited against another sentence. Petitioner contends that he has satisfied each of these elements.

It is undisputed that petitioner was detained and in detention. See Exhibit D,: Inmate Records Central Detention Facility. The original arrest for case F3683-04 was 06/11/2004. Exhibit E,: Police Report, dated 06/11/2004. All time spent in detention occurred after arrest. The arrest on 01/01/2005 for drug paraphernalia was dismissed however I was never released. Held by Court No Bond Status and Parole warrant lodged as detainer. See Exhibit D,: Detainers. Total time held in detention until activation of warrant, 325 days. Total sentence imposed by court 120 days. Thus 205 days of detention that has not been applied towards any sentence. The date the sentence commences on is the date the Parole Commission activated the warrant/detainer and proceeded with formally charging me with parole violation. See Exhibit D,: Inmate Records: Charges USPC Offense date 11/03/2005. Date sentence imposed on 03/09/2006. Exhibit F,: Original Parole Notice Of Action dated March 09, 2006. As stated previously the entire sentence imposed by parole commission is a result of offense on 06/11/2004. The reason for time held in detention is because of no bond status by court and parole warrant; thus this time can not be calculated as parole or parole violation time. This time must be tallied as detention time as stated in 3585. Clearly their is 120 day sentence imposed by the Court and 325 days of detention.

The difference is 205 days that has not been applied towards any sentence. Furthermore both charges are from the same jurisdiction where time is sereved. Thereby the petitioner has demonstrated that he has met all elements of the statute, it is undisputed that petitioner is entitled to credit for this time.

"Dec. A.F" page 5.

State: Petitioner's old full term date was May 11, 2009.

Petitioners Response

This date is incorrect. I believe it was a human error. Sentence monitoring Computation Data as 06/15/2006 clearly has full term expiration date 04/29/2009. This error changes the release date. Please correct this error. See Exhibit C,: Sentence Monitoring Computation dated 06/15/2006.

PAROLE HEARING

THE Parole hearing was prejudiced. through the entire hearing their was not one fair and unbias decision made by hearing examiner. Almost every decision examiner made has been modifed or changed. Clearly The acumulated errors made at the revocation hearing will show that the finaldecision is unjust.

1.  The parole hearing examiner stated that I had been convicted of PWID Cocaine when infact I had not. This discrepancy was decerned by my attorney. I had entered a plea to simple poss. (misdemeanor).

2.  The hearing examiner failed to acknowlege detention days when clearly the parole reparole guidlines clearly state that credit shall be given for all days spent in detention shall be credited towards reparole date. This was corrected by appeals board.

3.     The Parole hearing examiner found me guilty of a category four infraction 34-44 months when their was no evidence to support such a finding. The appeals board also corrected this error, reducing to category three 24-32 months.

4.     I was denied a continuation of hearing at initial hearing. We requested for the parole revocation hearing to be continued to allow wittness to be present and to obtain documents to support failure to appear. This charge was not brought forward at probable cause hearing where you are officially notified of the charges that will be brought against you, thereby the introduction of this charge at parole revocation hearing is a violation of parole rules in it self. Further it is common practice to be granted the courtesy of one continuance at initial revocation hearing when requested.

5.     The parole commission takes a simple misdemeanor conviction and enhances to category 3 based solely on a number. The number of bags were 23 however clearly it was a very small amount in weight. It was a very usable amount. I have a documented history of addiction over 30 year that the parole commission is well aware of, I have been diagnosed as a chronic user by the parole commission. The courts pretrial services recommended an intense impatient program, however the parole commission denied petitioner this opportunity for I was in active addiction.

6.     Finally the appeals board adds an additional 12 months that was not part of original decision. This was done after all decisions had been finalized. Clearly their was no evidence presented at hearing to support this finding. The only evidence presented at hearing was police report.

(6)

The Parole Commission should not be allowed to add an additional 12 months because of my failure to report to a Sanction Hearing with pre trial services out patient drug program. Parole commission treats this failure to comply to program rules as if it was a new criminal conviction. My failure to appear to sanction hearing did result in a warrant being placed on me however this is not a criminal charge. This warrant/failure to appear resulted in a removal from the sanctioned program and a denial of Bond. Petitioner was placed on a NO Bond status for failure to comply with the program which was also a violation of petitioners release conditions.

Attached is a copy of my appeal to the parole commission. It does not address the issue of failure to appear because it was not part of the original findings from the revocation hearing, additionally petitioner did not receive a copy of appeals decision until I received this response from the Parole Commission Reply. I would like to note that petitioner does not have copies from the Probable Cause hearing but I am sure that failure to appeal was not one of them. Petitioner would like to refer to his Parole Revocation Lawyer Ms. Anna Rodriquez, phone no. (202)-824-2343 for any information pertaining to parole hearing and/or probable cause hearing. Petitioner will write her and ask her to forward copies to the court.

Attached also is a copy of Regional Administrative Remedy Appeal and a copy of appeal to General Counsel that has not been responded to as of yet.

(7)

For the reasons stated the petition for a writ of habeas corpus should be granted.

### Attached Documents/Exhibits

1) Declaration of Augustus Faller pages 5 and 6.
2) US Parole Commission; Notice of Action on Appeal, June 13, 2006
3) Exhibit (C), 2006 Sentence Monitoring Computation Data
4) Exhibit (D), Inmate Records Central Detention Facility
5) Exhibit (E), Police Report dated 06/11/2006
6) Exhibit (F), Parole Notice of Action dated 03/09/2006
7) Exhibit (G), Petitioners Appeal to Parole Commission 03/28/06

Respectfully Submitted,

Daryll Mason  10-5-06
Daryll Mason
DC/DC 231-891   Reg. 09497-007
FCI Otisville, New York
PO Box 1000
Otisville, NY  10963

CC:

Thomas S. Rees
(D.C. Bar No. 358-962)
Assistant United States Attorneys
Special Proceedings Division
555 Fourth Street, N.W., Tenth Flr.
Washington, D.C.  20530
(202) 305-1845

(8)