DEC. A. F

7.    Petitioner's parole was again revoked on November 4, 1999 and was paroled from this violator term on March 30, 2001 with 1836 days remaining to serve.   This period of parole was revoked on January 28, 2002.  Petitioner was paroled on September 30, 2003 with 1227 days remaining to serve.

8.    Petitioner is not entitled to credit toward his parole violator term for the time period covering August 2, 2004 through August 13, 2004, because he was ordered committed on the District of Columbia Superior Court in # F3683-04, which is unrelated to his parole violation.

9.    Petitioner is not entitled to credit toward his parole violation term for the period covering January 1, 2005 through November 1, 2005 because the petitioner was then committed pending charges on Docket #F3683-04.

D.C. Code §24-221.03(b) provides that:

When a person has been in custody due to a charge that resulted in a dismissal or acquittal, the time that would have been credited against a sentence for the charge, had the charge not resulted in a dismissal or acquittal, shall be credited against any sentence that is based upon a charge for which a warrant or commitment detainer was placed during the pendency of the custody.

Since petitioner was ultimately convicted in Docket #F3683-04 on November 1, 2005, he is not entitled to receive the credit set forth in §24-221.03(b) toward his federal sentence.

10.    Petitioner's parole was revoked again on November 3, 2005.  The United States Parole Commission denied Petitioner re-

4

DEF. A.F.

parole and ordered him to continue his sentence to the expiration of his maximum term. As before, Petitioner received credit towards this violation term for November 1, 2005 and November 2, 2005. District of Columbia Department of Corrections records show that Petitioner was released from a conviction for Docket# F3683-04 on November 1, 2005 and held on this parole violation warrant until it was executed on November 3, 2005. Petitioner's old full term date was May 11, 2009. Petitioner's is new full term date is March 11, 2009. Petitioner's new projected release date is June 2, 2008, via mandatory parole, provided he maintains good conduct.

I declare under penalty of perjury and pursuant to Title 28, United States Code, Section 1746 that the above is true and correct to the best of my knowledge and belief.

Dated this ___25th___ day of September, 2006.

Augustus Faller
Operations Manager
Designation and Computation Center

```
   OTVA2  540*23 *              SENTENCE MONITORING         *     06-15-2006
PAGE 001         *              COMPUTATION DATA            *     11:16:00
                                 AS OF 06-15-2006
```

REGNO..: 09497-007 NAME: MASON, DARRYL L

```
FBI NO...........: 268798JA7         DATE OF BIRTH: 04-11-1956
ARS1.............: OTV/A-DES
UNIT.............: F-A                QUARTERS.....: F11-008L
DETAINERS........: NO                 NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 04-04-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-10-2008 VIA MAND PAR

-----------------------CURRENT JUDGMENT/WARRANT NO: 020 ------------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F1903-88,F10709-88
JUDGE...........................: HANNON
DATE SENTENCED/PROBATION IMPOSED: 09-28-1988
DATE WARRANT ISSUED.............: 01-10-2005
DATE WARRANT EXECUTED...........: 11-03-2005
DATE COMMITTED..................: 03-31-2006
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  620
OFF/CHG: DCC: UNLAWFUL DIST OF COCAINE, POSS W/INTENT TO DIST COCAINE,
         PRISON BREACH

```
 SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    8 YEARS      66 MONTHS
 NEW SENTENCE IMPOSED...........: 1276 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 02-24-1988
```

G0002       MORE PAGES TO FOLLOW . . .

```
  OTVA2   540*23  *          SENTENCE MONITORING         *      06-15-2006
PAGE 002          *          COMPUTATION DATA            *      11:16:00
                             AS OF 06-15-2006

REGNO..: 09497-007 NAME: MASON, DARRYL L


-----------------------CURRENT COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 05-10-2006 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 11-03-2005
TOTAL TERM IN EFFECT............: 1276 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS      5 MONTHS      29 DAYS
EARLIEST DATE OF OFFENSE........: 02-24-1988

JAIL CREDIT.....................:     FROM DATE      THRU DATE
                                    11-01-2005     11-02-2005

TOTAL JAIL CREDIT TIME..........: 2
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 7
TOTAL SGT POSSIBLE..............: 293
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 07-10-2008
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 04-29-2009

NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: NOT ELIGIBLE

PROJECTED SATISFACTION DATE.....: 07-10-2008
PROJECTED SATISFACTION METHOD...: MAND PAR




G0002      MORE PAGES TO FOLLOW . . .
```

*Exhibit D*

---

*Inmate Record*

---

# 231891 - MASON, DARRYL LORENZO



| | |
|---|---|
| **Institution:** | 12 - CENTRAL DETENTION FACILITY (CDF) |
| **Current Location:** | RELEASED |
| **Record Status:** | INACTIVE |
| **Booking Number:** | 2005-00072 |
| **PDID Number:** | 388243 |
| **Social Security #:** | 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 |
| **US Marshal #:** | 09497007 |
| **# Total Bookings:** | 6 Booking History |
| **Commitment Date:** | 01/03/2005 |
| **Release Date:** | 04/03/2006  to  BOP |
| **Release Type:** | RELEASE TO US MARSHAL |
| **In Custody Of:** | USMS |
| **Parole Elig. Date:** | 11/01/2005 |
| **Short Term Date:** | 11/01/2005 |
| **Full Term Date:** | 11/01/2005 |

---

## Personal Data

| | | | |
|---|---|---|---|
| **Sex:** | MALE | **Race:** | BLACK |
| **Birth Date:** | 04/11/1956 | **Ethnicity:** | AFRICAN AMERICAN |
| **Birth Place:** | DC | **Education:** | 12 |
| | | **Occupation:** | MISCELLANEOUS |
| **Hair:** | BLACK | | |
| **Eyes:** | BROWN | **Address:** | 1355 NEW YORK AVE., NE |
| **Weight:** | 180 | | APT. #1 |
| **Height:** | 601 | | WASHINGTON, DC 20020 |

**Aliases:**  (No Alias SSN's)   (No Alias Names)

---

## Charges

**Charge: SUP-U094 - UCSA POSS DRUG PARA**

| | | | |
|---|---|---|---|
| **Case#:** | M0004005 | **Min Sentence:** | |
| **Court:** | SUPERIOR COURT | **Max Sentence:** | |
| **Offense Date:** | 01/03/2005 | **Date Sentenced:** | N/A |
| **Date Charged:** | 01/03/2005 | **VVCC:** | $ N/A |
| **Counts:** | 1 | **Bond Amount:** | $ N/A |
| **Disposition:** | G - COURT ORDERED DISMISSAL/RELEASE | **Bond Type:** | N/A |

**Charge: DOC-2749 - DOC-CONDITION OF PAROLE FEL.**

| | | | |
|---|---|---|---|
| **Case#:** | USPV | **Min Sentence:** | |
| **Court:** | SUPERIOR COURT | **Max Sentence:** | |
| **Offense Date:** | 11/03/2005 | **Date Sentenced:** | N/A |
| **Date Charged:** | 01/03/2005 | **VVCC:** | $ N/A |
| **Counts:** | 1 | **Bond Amount:** | $ N/A |
| **Disposition:** | N - MARSHAL / FEDERAL REMOVAL | **Bond Type:** | N/A |

**Charge: SUP-1086 - UCSA POSS COCAINE**

| | | | |
|---|---|---|---|
| **Case#:** | F0368304C | | |
| | | **Min Sentence:** | 0 yrs 4 mths 0 days |

SEE Attached police report
(Original Arrest Date (ICJ))

Exhibit D

Page 2 of

| Court: | SUPERIOR COURT | | |
|---|---|---|---|
| Offense Date: | 01/03/2005 | Max Sentence: | 0 yrs 4 mths 0 days |
| Date Charged: | 01/03/2005 | Date Sentenced: | 11/01/2005 |
| Counts: | 1 | VVCC: | $ N/A |
| Disposition: | H - TIME SERVED OR SUSPENDED | Bond Amount: | $ N/A |
| | | Bond Type: | N/A |

## Detainers

| | |
|---|---|
| Complaint #: | N/A |
| Detainer Charges: | FEDERAL PAROLE VIOLATION |
| Complaint Filing Date: | 01/28/2005 |
| Issuing Agency: | US PAROLE COMMISSION |
| Detainer Type: | US MARSHAL |
| Detainer Set By: | N/A |
| Complaint Released: | N/A |
| Release Date: | N/A |

## Transfer History

| | Date/Time | Institution |
|---|---|---|
| From: | 1/3/2005 7:39:10 PM | INITIAL |
| To: | 1/3/2005 7:39:10 PM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| From: | 1/13/2005 12:35:12 PM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 1/14/2005 7:54:58 AM | 11 - CORRECTIONAL TREATMENT FACILITY |
| From: | 11/8/2005 6:22:02 AM | 11 - CORRECTIONAL TREATMENT FACILITY |
| To: | 11/8/2005 6:26:27 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| From: | 11/8/2005 7:35:25 PM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 11/9/2005 5:03:01 AM | 11 - CORRECTIONAL TREATMENT FACILITY |
| From: | 4/3/2006 6:27:07 AM | 11 - CORRECTIONAL TREATMENT FACILITY |
| To: | 4/3/2006 6:28:28 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| From: | 4/3/2006 10:41:21 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 4/3/2006 10:41:21 AM | RELEASE → BOP |

## Booking History

| Booking# | Committment Date | Release Date |
|---|---|---|
| 2005-00072 | 01/03/2005 | 04/03/2006 to BoP <<<---Displayed Above |
| 2004-15589 | 11/16/2004 | 11/19/2004 |
| 2004-15319 | 11/09/2004 | 11/12/2004 → Sanction by courts  Superior Court (Sanction Program) |
| 2004-14964 | 11/02/2004 | 11/05/2004 |
| 2004-10366 | 08/02/2004 | 08/13/2004 (By Court) Release to 30 Day Drug Program |
| 2003-01754 | 02/11/2003 | 03/19/2003 |
| 23189102 | 09/08/1988 | 09/16/2002 |
| 23189101 | 07/11/1988 | 08/01/1988 |
| 23189100 | 02/25/1988 | 03/18/1988 |

**55. EMPLOYMENT HISTORY** (List present employment if any, on Line 1)

| | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
|---|---|---|---|---|
| Present | REFUSED | | | |

**56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES** (Begin with immediate family)

| RELATIONSHIP | DOB/AGE | NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| | | REFUSED | | |
| | | | | |
| | | | | |

**57. MILITARY SERVICE: BRANCH/DATE FROM – TO**
NONE

**58. TELEPHONE CALL MADE** ☐ YES ☒ NO ☐ REFUSED

**59. PHONE NUMBER**

**60. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in item 31.)

The event occurred on 6/11/04 at approximately 2300 at 1400 L ST NW in Washington DC.

I, Officer Pepperman assigned to 3072 in full uniform alonf with mountain bike 307 Officer Kurtz observed D-1 operating a four door Dodge bearing DC tag BX4138 travelling eastbound in the 1400 block of Lst NW with no headlights on. At that time I initiated a traffic stop to advise D-1 of the violation. Officer Kurtz was on the scene to assist me with the stop. At that time I approached the vehicle advising D-1 the reason of the stop. I then asked D-1 to produce a valid license and registration to the vehicle. D-1 then handed over a valid license however could not produce a valid registration. A wales check was made on the tag that was displayed on the vehicle. Wales revealed VIA 3/d dispatcher that the tag did not belong to that vehicle, it belonged on a 1991 Ford. A wales check was the conducted on the VIN# 1B3XC56R7LD825847. Wales revealed that the vehicle belonged to D-1 but was unregistered. D-1 was then placed under arre for unregistered auto. A search incident to arrest revealed that D-1 had in his possession (2) small green ziplock containing a white rock-likje substance located in his left front pocket. A search of the vehicle's passenger compartment revealed that D-1 also had in his possession a clear sandwich bag containing (6) small green ziplocks which contained a white rock-like substance and (1) small clear ziplock which contained a white rock-like substance located under the driver's seat of the vehicle of which D-1 was operating. Also found under the driver's seat was a medicine bottle with D-1's name on the side of the bottle. The medicine bottle contained 12 small clear ziplocks which contained a white rock-like. A field test of the contents coontained in the ziplocks produced a positive color reaction for cocaine base.The field test was conducted by Officer Labofish. D-1 was the charged with PWID Crack/Cocaine. D-1 was also issued a NOI for no headlights running.

D-1 was identified as Daryll Mason;DOB 4/11/56; SS# 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 and transported to 3/D for processing.

COC(two green from D-1) D-1- Pepperman- H/S- P/B
COC: D-1's vehicle- Pepperman- Labofish(ft)- Pepperman- H/S- P/B

**61. DEFENDANT'S VERSION / REMARKS:** [What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 119 for defendant's written statement.)]

**62. RECORD CLERK'S NAME**
Anderson

**ARREST RECORD SUMMARY**

| | | 1. | | 5. | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|---|---|
| 1. | 2. | 4. | | 6. | |

**65. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ no (If yes, include in Defendant's Version/Remarks Section above.)

| 66. PRINTED NAME – OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 66. SIGNATURE OF REVIEWING OFFICER |
|---|---|---|---|
| Pepperman, Mike | 751 | OFC | |
| 67. SIGNATURE OF OFFICER MAKING STATEMENT | UNIT 3/D | DATE 6/12/2004 | UNIT 3D | DATE 6/12/04 |

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201



**Notice of Action**

| | |
|---|---|
| Name: MASON, Darryl | Institution: D.C. CTF |
| Register Number: 09497-007 | |
| DCDC No: 231-891 | Date: March 9, 2006 |

As a result of the hearing conducted on February 13, 2006, the following action was ordered:

### DC Local Revocation:

Revoke parole. None of the time spent on parole shall be credited. Deny re-parole. Continue to expiration.

You shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Basis for the above stated finding(s): Your admission and the documentary evidence.

Charge No. 2 - Failure to Submit to Drug Testing

Basis for the above stated finding(s): Your admission and the documentary evidence.

Charge No. 3 - Law Violation - (a) Possession With Intent to Distribute Crack Cocaine; (b) Unregistered Auto; (c) Failure to Appear

Basis for the above stated finding(s): Your conviction for Possession of Cocaine and police report.

Charge No. 4 - Failure to Report to Supervising Officer as Directed

Basis for the above stated finding(s): Your admission and the documentary evidence.

Charge No. 5 - Failure to Report Change in Residence

Basis for the above stated finding(s): Your admission and the documentary evidence.

The Commission makes no findings concerning the following charges:

Charge No. 6 - Law Violation  - Possession of Drug Paraphernalia

Basis:  There is insufficient evidence to make a finding in the above charge.


## REASONS:

Your parole violation behavior has been rated as criminal conduct of Category Four severity because it involved possession with intent to distribute crack cocaine (small scale 1 to 9.9 grams).  Your salient factor score is 2.  See the attached sheet for an explanation of your individual Salient Factor Score items.  The table at the bottom presents the points for Salient Factor Score Item C.  As of February 2, 2006, you have been in confinement as a result of your violation behavior for a total of 3 month(s).  Guidelines established by the Commission indicate a customary range of 34-44 months to be served before release.  After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.


THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.


cc:   D.C. Federal Billing Unit
      D.C. Department of Corrections
      Washington, D.C.  20003


      U.S. Marshals Service
      District of Columbia - District Court
      333 Constitution Ave, N.W., Room 1400
      Washington, D.C.  20001
      Warrants - Attn:  Sean McLeod

Queued: 03-09-2006 14:20:03 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-General Supervision Unit-Team 4, 25 K Street | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

```
***********************
***   TX REPORT   ***
***********************
```

Exhibit G

```
TRANSMISSION OK

TX/RX NO              1653
CONNECTION TEL              93014925543
SUBADDRESS
CONNECTION ID
ST. TIME             04/06 11:07
USAGE T              02'46
PGS. SENT              12
RESULT               OK
```

# PUBLIC DEFENDER SERVICE
## FOR THE DISTRICT OF COLUMBIA

BOARD OF TRUSTEES

CYNTHIA D. ROBBINS
  CHAIRPERSON
JO-ANN WALLACE
  VICE CHAIRPERSON
THOMAS L. BOWEN
EMILIO W. CIVIDANES
CLAIRE M. JOHNSON
HANNAH JOPLING
KARL A. RACINE
JEFFREY D. ROBINSON
JUAN H. STRAND
DONALD R. VEREEN, JR.
ROBERT L. WILKINS

633 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

(202) 628-1200
(800) 341-2582
TTY (202) 824-2531
FAX (202) 824-2791

www.pdsdc.org

AVIS E. BUCHANAN
DIRECTOR

PETER A. KRAUTHAMER
DEPUTY DIRECTOR

# Facsimile

To: USPC / Appeals Unit          From: Anna Rodriguez

Fax: (301) 492.5543          Pages: 11

Phone: _____          Date: 4/6/06

Re: _____          cc: _____

☐ Urgent     ☐ For Review     ☐ Please comment     ☐ Please Reply     ☐ Please Recycle

# PUBLIC DEFENDER SERVICE
## FOR THE DISTRICT OF COLUMBIA

BOARD OF TRUSTEES

CYNTHIA D. ROBBINS
 CHAIRPERSON
JO-ANN WALLACE
 VICE CHAIRPERSON
THOMAS L. BOWEN
EMILIO W. CIVIDANES
CLAIRE M. JOHNSON
HANNAH JOPLING
KARL A. RACINE
JEFFREY D. ROBINSON
DONALD R. VEREEN, JR.
ROBERT L. WILKINS

633 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

(202) 628-1200
(800) 341-2582
TTY (202) 824-2531
FAX (202) 824-2351

www.pdsdc.org

AVIS E. BUCHANAN
DIRECTOR

PETER A. KRAUTHAMER
DEPUTY DIRECTOR

April 5, 2006

Via Facsimile and U.S. Mail
301-492-5543

U.S. Parole Commission
National Appeals Board
5550 Friendship Boulevard
Chevy Chase, MD 20815-7201

> ### Re: *Mr. Darryl Mason, Fed. Reg. No. 09497-007*

Dear Appeals Board:

    Mr. Darryl Mason, Federal Registration Number 09497-007 submits the attached appeal. Mr. Mason appeals the United States Parole Commission's decision to revoke his parole based on the finding that he possessed cocaine with the intent to distribute.[1] He argues that there was insufficient evidence to make this finding because no adverse witnesses testified. Moreover his due process rights, specifically his right to confrontation of the adverse witnesses was denied in violation of Morrisey v. Brewer. Mr. Mason additionally argues that the Commission erred in calculating his time in custody.

    Thank you for your consideration of Mr. Mason's appeal. If you need further information I can be reached at 202-824-2343.

Sincerely,

Anna Rodriques
Staff attorney

---

[1]  Charge 3 in the warrant application.

# APPEAL



**U.S. Department of Justice**
**United States Parole Commission**

Name _Darryl Mason_

Register No. _09497 - 007_   Institution _D.C. Correction Treatment Facility_

I received a Notice of Action dated _3|10|06_   and appeal that decision under 28 C.F.R. §2.26 and/or §2.220.

_Anna Rodrigues on behalf of Mr. Mason_      _4|4|06_
　　　　　　　　_(Signature)_　　　　　　　　　　　　　　　　_(Date)_

### INSTRUCTIONS:

**Eligibility to file the appeal.** This appeal is available only to: (1) a U.S. Code offender who is eligible for parole (including a military offender); (2) a D.C. Code offender whose term of supervised release has been revoked; (3) a transfer treaty offender who committed the foreign offense before November 1, 1987; and (4) a state offender who is under the Commission's jurisdiction pursuant to 18 U.S.C. §3522.

**Procedures.** The appeal must be mailed to the Commission within 30 days from the date on the Notice of Action. The permissible grounds for appeal are described below. On page two of this form you must provide a brief summary of all the grounds for your appeal. On page three of this form you must provide a statement of the facts and reasons in support of each ground identified in your summary. Continuation pages are permitted for longer appeals. You may provide any additional information in an addendum to your appeal. The Commission may refuse to consider any appeal which does not follow this format. The appeal will be decided on the record, and you will be notified of the Commission's decision through a Notice of Action. Do not submit multiple copies of your appeal, and do not submit documents which are in the Commission's file.

**Mailing address.** You should mail the appeal to U.S. Parole Commission, Appeals Unit, 5550 Friendship Boulevard, Chevy Chase, MD 20815-7201.

**Permissible grounds for appeal.**

(a) The Commission relied on erroneous information, and the actual facts justify a different decision.

(b) There was significant information in existence but not known to me at the time of the hearing, and a different decision would have resulted if the information had been presented.

(c) The Commission made a procedural error in my case, and a different decision would have resulted if the correct procedure had been followed.

(d) The Commission applied a statute or regulation incorrectly (_e.g._, in determining my period of imprisonment as a supervised release violator, and/or my further term of supervised release).

(e) The Commission made an error in applying the guidelines (error in offense severity rating, salient factor score, and/or calculating time in custody).

(f) A decision outside the guidelines was not supported by the reasons or facts stated in the Notice of Action.

(g) There are especially mitigating circumstances in my case which justify a different decision.

# Appeal

U.S. Department of Justice
United States Parole Commission

Daryll Mason  DCDC 231-891
Register Number: 09497-007

Central Treatment Facility

I received a Notice of Action dated March 9, 2006 and appeal that decision under 28 C.F.R. Policy No. 2.26 and /or Policy No. 2.220.

_Daryll Mason_
        (Signature)

_3-28-06_
        (Date)

## United States Parole Commission Appeals Board

Parole Hearing Examiner: Mr. Paul Harold
Represented by: Attorney A. Rodriquez (Special Proceedings Division)
        633 Indiana Avenue, N.W.  Washington, D.C. 20002

It is my determination that the parole hearing on Monday, February 13,2006, was conducted with prejudice and predetermination by the parole examiner, therefore; I am formally submitting this appeal on the following grounds.

(A) The parole examiner considered the conviction as felony, which, in-fact was misdemeanor.
(B) Defendant was denied the opportunity to depose the arresting officer.
(C) Parole examiner improperly recommended enhancement of the sentencing, which is not supported by the facts.

## SUMMARY OF GROUNDS FOR APPEAL

**Ground One:**
The examiner assumed that I had entered a plea of guilty to possession with the intent to distribute cocaine when in-fact I had not. I entered a plea agreement to simple possession, which is a misdemeanor. My lawyer finally discerned this discrepancy during the hearing. It is possible that the tape was turned off during this portion of the hearing. I am now aware that this pre-conceived notion had a major affect on the examiners decision and the way hearing was conducted.

At the probable cause hearing, my attorney requested that the arresting officers be present at parole hearing. The Arresting officers were Pepperman, Labofish and Kurtz. There were several discrepancies and issues that my attorney wanted to make clear at parole hearing. This opportunity never transpired. The parole-hearing officer had a pre-hearing discussion with the arresting officer and dismissed the officer prior to the parole hearing there by denying the defense the opportunity to question or depose the arresting officer during the parole hearing. It is my understanding that the arresting officer should be present to corroborate the arrest report; however, because of improper information that the parole-hearing officer had prior to hearing concerning the conviction (misdemeanor possession, not possession with intent to distribute cocaine) the arresting officer was dismissed prior to hearing. The parole-hearing examiner had already made a decision of guilty to PWID, prior to hearing, which is why arresting officer was dismissed. It is not a fair hearing when the P.O. and examiner talks to the arresting officer and not allow the defendant the same privilege. This fact is further proof that the hearing was tainted and bias before it started. This alone makes it impossible to get a fare hearing from this hearing officer. It is possible that the tape may have been turned off when the examiner mentioned that he dismissed the arrest

1

officer from the hearing however, the sign-in sheet for witness and the institutional signed records will show that the arresting officer signed in but was not present at hearing.

**Ground Two:**

The parole examiner takes a simple possession (category one) and enhances it to category four. I was stopped for minor driving infraction and a search of myself and vehicle pursued. There were drugs discovered as a result of this search. I was charged with PWID cocaine. This charged was eventually reduced to misdemeanor possession.

My argument is that I was not involved in any sale of drugs, a suspect in any drug investigation, no money was recovered, no drug paraphernalia, there was no intent to sell or distribute any drugs, I have a documented history of over 30 years for using this drug cocaine, the only reason I possessed these drugs were for my personal use. I was an active addict and my urine testing results for drugs will verify this. I was working as a commercial driver at the time. I was making about 1500 dollars a pay period. I spent 75 dollars to purchase these drugs. This was explained at hearing. The major factor in this case was the amount of drugs involved. It was a solely useable (small) amount. After reviewing all factors surrounding the aspects of this case the District Attorney reduced the charge to simple possession. This was the assessment of the district attorney. The parole-hearing examiner viewed this matter in a contrary manner and found me guilty of PWID.

**Ground Three:**

He further enhanced the category from 3 to 4 without any creditable evidence, based solely on his presumption. There was no scientific evidence at the hearing to determine the weight of the drugs to support further enhancement, with no evidence to support enhancing from one category to another, it was unjustifiable and wrong to do so. It is a further example of a bias opinion in lieu of a finding based on the factual evidence at the hearing.

**Ground Four:**

The Parole notice of action states that I had been incarcerated for a period of 3 months as of February 2, 2006. when in fact I had been incarcerated for 13 months. This can be verified by my institutional file.

**Ground Five:**

28 C.F.R. Policy No. 2.60 of the parole commission guidelines clearly states that if a person has been incarcerated over 12 months additional consideration will be given for program achievements. I successfully completed four programs during 14 months incarceration prior to hearing. Copies of completion certificates were submitted at hearing. The programs are Graphic Arts, Computer Literacy, Street Law and literacy of America Tutoring program. Presently I have two students that I am actively tutoring. I am told that rewards of additional reduction of recommended incarceration time be awarded for such accomplishments. I am hopeful that the appeals board will acknowledge such programs and grant a reduction.

**Ground Six:**

I am humbly requesting that all time except the 120 days that I was sentenced to on the new charge Misdemeanor possession be credited towards remaining time on sentence. There is a six-month period of incarceration in which I served between expiration of 120 days for new sentence and activation of parole warrant.

## STATEMENT OF FACTS AND REASONS IN SUPPORT OF EACH GROUND FOR APPEAL

**Ground One:**

(A) The Commission relied on erroneous information and the actual facts justify a different decision.

(B) The commission made a procedural error in my case, and a different decision would have resulted if the correct procedure had been followed.

**Facts:**

At my probable cause hearing my attorney requested that the arresting officers be present at my local revocation hearing. The witnesses were approved by examiner that conducted my probable cause hearing. However at my local revocation hearing, the examiner held a pre-hearing discussion with the arresting officer and then excused him from the hearing.

The parole revocation examiner Thought my conviction was PWID when in fact it was not, it was a conviction for misdemeanor possession.

**Reason:**

This procedure denied me due process under the commissions guidelines where that I requested the arresting officer presence as my witness. Just the fact that the examiner had a pre-hearing discussion with the officer affording himself the opportunity to depose the officer and not give the defendant the same opportunity is a total disregard for my rights to procedural due process. This resulted in the examiner using sole hearsay opposed to factual evidence by having no testimony to corroborate the report. *Morrissey vs Brewer* 408 U.S. at 489.

Additionally, I was prejudice by the examiner's pre-conceived notion of my guilt of PWID when in fact I had pleaded guilty to misdemeanor possession of cocaine. I now understand that this is why the officer was dismissed and it had a major effect on the entire hearing.

**Ground Two:**

(G) There are especially mitigating circumstances in my case which justify a different decision.

**Facts:**

I was not involved in any sale of drugs, or a suspect in any drug investigation, and no money was recovered. There was no drug Paraphernalia. I have a 30 year history for using cocaine. This was a routine traffic stop for not having a head light on, not a stop for drugs. I was in active addition. I had a very usable amount of drugs, and I was employed. My conviction is simple misdemeanor possession.

**Reason:**

My relevant conduct in this matter amounts to simple possession of a usable amount of drugs. There were no facts that supported the examiner's finding that I possessed the drugs with intent of selling them. I explained that I had purchased 75 dollars worth of drugs which were in these very small 5 dollar bags at the time. Because I spent 75 dollars I obtain a wholesale amount. I have a long term history of cocaine abuse documented at CSOSA. Possession with intent is subjected to the state of mind at time of possession. I was in active addiction. At the time that I possessed the drugs, my only intent to use the drugs. There was no evidence introduced to the contrary at my local revocation hearing.

**Ground Three**

(A) The Commission relied on erroneous information, and the actual facts justify a different decision.
(D) The Commission applied a statue or regulation incorrectly (e.g. in determining my period of imprisonment as a supervised violator, and /or my further term of supervised release).
(E) The Commission made an error in applying the guidelines (error in offense severity rating, salient factor score, and/or calculating time in custody).

**Facts:**

3

My new criminal conviction was initial rated as category one severity rating. However, the examiner changed my category severity rating from one to three without any supportive evidence. Additionally, he changed my rating a second time from category three rating to category four severity. The parole notice of action states that the evidence used for this decision was the only evidence presented at hearing the police report. Also the parole notice of action states a weight (small scale 1 to 9.9 grams) which is the criteria standard of a category four.

**Reason:**
28 C.T.R. Policy No 921 (g) SUBCHAPTER COCAINE OFFENSES States if small scale (e.g.: involving 5-99 of 100% purity, or equivalent amount; or 1 gram-9.9 of freebased cocaine), grade as Category Four.The standard to enhance from category 3 to category 4 is there must be some factual evidence along with supportive testimony to verify the weight of the drugs. The hearing examiner uses the police report, the only evidence presented at hearing to enhance my category severity rating from three to four without any specific evidence that established the weight of the drugs. Clearly the police report does not mention how much the drugs weigh. No evidence or testimony was presented at my hearing to support such a finding. To enhance based solely on a presumption or an opinion without the direct evidence or some scientific evidence to determine the weight of the drugs is inexcusable and bias. It was a very small (usable) amount of drugs. I am requesting to be placed in category 3.

**Ground four:**
(E) The Commission made an error in applying the guidelines (error in offense severity rating, salient factor score and/or calculating time in custody).

**Facts:**
I was arrested on January 1, 2005. I have been in custody there after. At the time of my local parole hearing I had been in custody for 13 months.

**Reason:**
28 C.F.R. Policy Number 2.47 (E)1: States a parole violator whose parole is revoked shall be given credit for all time in federal, state, or local confinement on a new offense for purposes of satisfaction of the reparole guidelines. The Commission's Notice of Action only gives me credit for 3 months instead of the 13 months of actual service of incarceration. The Commission's notice of action states that a departure from the guidelines is not warranted at this time. To set my release date at my expiration date after giving me credit for all time that I have served in jail would require a longer incarceration than recommended guidelines. I am requesting that the lower portion of the guidelines be applied.

**Ground Five:**
(D) The Commission made a procedural error in my case, and a different decision would have resulted if the correct procedure had been followed.

**Facts:**
Prior to parole revocation hearing I had been incarcerated over 13 months since January 1, 2005 and had completed four programs. I am actively tutoring students on the unit. Copies of completion certificates were submitted at hearing.

**Reason:**
28 C.F.R. Policy No. 2.60 states a prisoner who demonstrate superior program achievement (in addition to a good conduct record) may be considered for a limited advancement of the presumptive date previously set according to the schedule below. It is to be stressed that a clear conduct record is expected; this reduction applies only to cases with documented sustained superior program achievement over a period of 9 months or

more in custody. I am hopeful that the appeal board will acknowledge completed programs and grant a reduction.

**Ground Five:**
(E) The Commission made an error in applying the guidelines (error in offense severity rating, salient factor score, and/or calculating time in custody).

**Fact:** I plead guilty to possession cocaine. I was sentenced to 120 days.
**Reason:**
28 C.F.R. Policy No. 2.47 (E) (2): States it shall be the policy of the Commission that the revoked parolee's original sentence (which due to the new conviction, stopped running upon his last release from federal confinement on parole) again start to run only upon release from the **confinement portion of the new sentence or the date of reparole granted pursuant to these rules, whichever comes first.** I am asking that all time except the 120 days sentenced for the new charge be applied towards remaining time on sentence. This was not done.

I realize that my actions cannot go unpunished however I am hopeful that once all the evidence and the fact pertaining to my parole hearing are examined, the appeals board will consider a reduction in the recommendation. I am respectfully requesting the appeals board would consider as an alternative paroling me to the transitional program presented at hearing or a reduction that would truly relieve a great burden and equate with Justice.

Respectfully Submitted

*Daryll Mason*

Daryll Mason

EXHIBIT 1

PROBABLE CAUSE HEARING DIGEST, SEC. VI & VII

DARRYL MASON, FED. REG. NO. 09497-007

Status: [X] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

_____

## VIII.  Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

### SUMMARY OF GROUNDS FOR APPEAL

**Instructions:** Briefly describe the error which you believe to have occurred, or the specific reason for the Commission to give you a different decision. You do not need to repeat the "ground for appeal" (from Page 1) which applies. Try to list your most important grounds for appeal first.

**Ground One:** Please attached appeal from MR Mason. I have supplemented the Ground One issue for appeal with a copy of the Probable Cause Hearing Digest, sections VI. and VII in support of MR Mason's argument that he Requested the presence of Officers Pepperman, Rios, & Labofish. Officer Labofish's who performed the field testing, presence was denied

**Ground Two:**

**Ground Three:** I supplement MR. Mason's argument that the evidence was insufficient to support a finding on PWID cocaine, and to increase the category from 3 to 4. MR Mason was denied the right to cross-examine the police officers regarding 2 key facts: 1) Could 20 bags be consistent with possession; and, 2) the actual weight of the drugs. MR Howard committed error when he found that 20

**Ground Four:** zips equals 1 gram. IF this so, then adverse witnesses would not be necessary. Mr Howard made this finding based on the parole analysts statement that 20 bags equals 1 gram. Therefore the Commission must reverse the finding on PWID and remand for a hearing to allow MR Mason to cross-examine the officers on the facts listed above. This right to confrontation

**Note:** You may present as many grounds for appeal as you believe necessary. If you have more grounds for appeal than you can summarize in the space provided, you may complete your summary on a continuation page. is guaranteed under Morrisey v. Brewer,

An electronic version of this form can be down-loaded from the Commission's website, www.usdoj.gov/uspc. This form must be used for all appeals filed on or after September 1, 2003.          Page 2 of 4          **Parole Form I-22** (August 2003)

[  ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

[   ] **Summon** to revocation hearing or [   ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Kelly Jones
**Status:**__X__**Approved**          _____**Not Approved**          _____**Pending Further Review**

MPD Officer (Charge No. 3)
Name:  Mike Pepperman (Badge No.751)
**Status:**__X__**Approved**          _____**Not Approved**          _____**Pending Further Review**

MPD Officer (charge No. 6)
Name: Manuel Rios (Badge No.833)
**Status:**__X__**Approved**          _____**Not Approved**          _____**Pending Further Review**

## VII. Adverse Witnesses Requested by Subject:

Name: _Sam_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing     [   ] Approved at PC Hearing     [   ] Pending Further Review

Reason for Denial:_____

_____

Name: _Protofish  habolish  field Test. Audry_____

Address:_____

Phone No._____

**Mason,  Darryl**
**Reg. No. 09497-007    DCDC No. 231-891**

Notice of Action on Appeal

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: Mason, Darryl                                    Institution:  D.C. Correctional Treatment
Facility

Register Number:  09497-007                        Date:    June 13, 2006

---

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.  Previous reasons modified.

Your parole violation behavior has been rated as criminal conduct of Category Three severity because it
involved possession with intent to distribute crack cocaine (very small scale – less than 1 gram). Your
salient factor score is 2. As of February 2, 2006, you have been in confinement as a result of your
violation behavior for a total of 13 months. Guidelines established by the Commission indicate a
customary range of 24-32 months. Also, you failed to appear, which requires 6-12 months to be added
to your original guideline range. Your aggregate guideline range is 30-44 months to be served. After a
review of all relevant factors and information, a departure from the guidelines at this consideration is not
warranted.

## REASONS:

You contend that you were denied the right to confront and cross-examine adverse witnesses in your
case. According to your file, two police officers were subpoenaed to your hearing in regard to the
charge of possession with intent to distribute cocaine. The officers did not appear and there is no
explanation in the file for their non-appearance.

Your right to confront adverse witnesses is not absolute. In the absence of the testimony from the
officers, the hearing examiner reviewed the documentary evidence and considered your version of the
offense. You were arrested with 23 zip lock bags which contained crack cocaine. You admitted to
possessing the drugs and you were convicted of possession of cocaine. You dispute the determination
that you intended to sell the cocaine.   You claimed that you would have normally purchased one huge
rock but your regular supplier was not available and a different supplier provided you with the drugs in
individual bags. In making a decision in your case, the Commission is not limited to considering only
your offense of conviction. The Commission is free to consider your overall offense behavior and
resolve issues of fact pursuant to a preponderance of the evidence. See 28 C.F.R. Section 2.74. The
Commission considered your version of the offense but did not find it credible. Given the division of
the cocaine in small bags and the large number of individual bags, the Commission concluded that it was
your intent to sell the cocaine. The Board finds no error with this conclusion. You have not established
that you were prejudiced by the failure of the officers to appear at the hearing. Since they arrested you
in your vehicle and not in the process of selling the cocaine, they could not have provided specific
information regarding your intent to sell the drugs. The official report that they prepared charged you
with possession with intent to distribute cocaine. The Commission made a determination that you
committed this offense after a full and fair hearing.

In regard to the officer that appeared at the hearing but was dismissed prior to the hearing, he was
subpoenaed in regard to Charge 6, possession of drug paraphernalia. However, the Commission made
no finding on this charge so you were not prejudiced by his failure to provide testimony.

---

Mason 09497-007                                    -1-                                    Clerk:   SAJ

You contend that the testimony of the officers was necessary to establish the weight of the cocaine. The Board finds that the documentary evidence in the Commission's file fails to establish the weight of the drugs. The hearing examiner used a standard calculation and estimated that 20 dime bags equals one gram of cocaine. Since an exact amount of the drugs cannot be deciphered from the documents provided to the Commission, the Board is reducing the offense severity rating from Category Four to Category Three based on a determination that the amount of crack cocaine involved in your offense was less than one gram.

However, the Board notes that an administrative error was made by the hearing examiner in preparing the worksheet because he failed to list the guidelines for the charge of failure to appear. This charge was discussed with you during the hearing and you admitted that you failed to appear in court after you had tested positive for drug use. The hearing examiner noted that with the addition of 6-12 months for your failure to appear, your total guideline range was 40-56 months.

Since the Board has modified the offense severity to Category Three, the base guidelines would be 24-32 months. By adding the guidelines for failure to appear, your aggregate guideline range is 30-44 months.
The Board is making no change in the decision to continue you to the expiration of your sentence. You will serve approximately 42 months until you are mandatorily released from custody. You will therefore be released within your guidelines. The Board finds no reason for a decision outside of the calculated guideline range.

Finally, in regard to your complaint that an error was made in calculating your time in custody, the Board finds that there was an administrative error but that this error does not change the decision in your case. The Notice of Action stated that you had been in custody for three months as of February 2006. This time frame was the amount of time that you had been in custody on the Commission's warrant. For guideline purposes, you had been in custody for a total of 13 months as of the date of the revocation hearing since your arrest on local charges in January 2005. However, no error was made in calculating your release date since that determination was based on the time in custody since January 2005.

All decisions by the National Appeals Board on appeal are final.


Cc:

D.C. Federal Billing Unit
D.C. Department of Corrections
Washington, D.C. 20003

U.S. Marshall Service
District of Columbia - District Court
333 Constitution Ave. N.W., Room 1400
Washington, D.C. 20001
Warrants - Attn: Sean McLeod



U.S. Probation Office
General Supervision Unit - Team 4

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | MASON, DARYLL | 09497-007 | F-A | OTISVILLE, NY |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**    Correction of Sentence: The BOP 2006 computation states that 1276 days remain on sentence. See response from attached Regional Administrative Remedy Appeal and US Parole commission opposition to petition for writ of habeas corpus stating how sentence was computated and days lost through parole violations. This computation does not credit any time towards sentence for time spent in detention from 12/06/1997 thru 02/02/1998. This computation states that parole was granted 06/06/1995 and parole revoked 05/23/1998. Clearly no credit towards sentence was given between parole grant and date parole was revoked. Anytime DC Parole Board issues a warrant and a person is held in detention, this time should be credit as jail credit not parole time. (See exhibit A): Record office Doc. stating this time has been included when clearly through their own summarizing of my sentence no time has been credited for the time period of 12/06/1997 through 02/02/1998 as jail credit time. This time was calculated as parole violation time in the BOP 2006 computation namely: (Exhibit C). No credit was given. (Exhibit B): 2003 BOP computation stating 1218 days remaining on sentence on 09/30/2003. In 2002 thru appeal the BOP Regional Administrative Annapolis office corrected this discrepancy and credited this time spent in detention. There was a mathematical computation performed and a copy was placed in my original DC Institution file. This file has all necessary documents to support statements made however I have been denied access to my original DC file. I am requesting access to my original DC file, this file was at Rivers Correctional Institution in Winton NC when I reviewed my original DC file in 2003. FCI Otisville has denied me access to my file and DC parole records making it impossible to supply all supporting documents. Issue two: I am requesting credit for time spent in detention. On 06/11/2004 I was arrested for PWID cocaine (see: Exhibit E 'police report').

| 09/09/06 | (Contiuation pg. 2-of-2) | Douys C Mason |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

---

| DATE | GENERAL COUNSEL |
|---|---|

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL | BP-231(13) |
|---|---|---|---|
| | | | APRIL 1982 |

## Central Office Administrative Remedy Appeal
### (Continuation pg. 2-of-2)

Mason, Daryll          09497-007          F-A          FCI OTISVILLE , NY

___

I was released and placed in pre-trial services Sanction program. The court imposes 3 day incarcerations as penalties for none compliance. (

(Exhibit D) : Inmate record from (CDF) DC. See Booking History.   On 3 occasions 11/16/04 thru 11/19/04, 11/09/04 thru 11/12/04 and 11/02/04 thru 11/05/04 the Court imposed these periods of incarcerations as sanctions.   The court also held me on this case for 08/02/04 through 08/13/2004 released to 30 day drug program.   On 01/01/05 I was arrested for possession of drug paraphernalia.   this charge was dismissed.   The US Parole Commission lodged a detainer against me on 01/28/05 (See exhibit D, detainers).   On 11/01/05 I pleas guilty to a (misdemeanor) simple possession of cocaine.   I was sentenced to 120 days.   I had been incarcerated for 320 days.   I am requesting all time minus the 120 day sentence imposed be applied towards the detainer and/or present sentence.

__18 USC §3585__ clearly clarifies that all sentence computations are corrected by Attorney General through BOP.   It further clarifies that credit shall be given for all time spent in detention, if time has not been credited towards another sentence.   __HUGHES v. SLADE__ cite as 347 __F.Supp.2d 821, 830 (C.D.Cal 2004).__   The parole board uses this charge to impose recommended sanctions/present sentence.   (see parole notice of action "Exhibit F").   Once the Court imposed the 120 day sentence, instructions have been given as to the amount of time necessary to satisfy sentence.   There was a 320 day period of detention and a 120 days sentence imposed by the Court, whereby the remaining 200 days of detention should be applied towards warrant/detainer.   __24-221.03 (B) DC code__ states: When a person has been in custody due to a charge that resulted in a dismissal or acquittal, the time that would have been credited against a sentence for the charge, had the charge not resulted in a dismissal or acquittal, shall be credited against any sentence that is based upon a charge for which a warrant or commitment detainer was placed during the pendency of the custody].   In convergence once the sentence has been satisfied the remaining time should be applied to the warrant/detainer.

### Attached Documents/Exhibits

(A) Record Office document from HZG—DSC/Team Alpha
(B) 2003 Sentence monitoring computation data
(C) 2006 Sentence monitoring computation data
(D) Inmate Records Central Detention Facility
(E) Police Report dated 06/11/2006
(F) Parole notice of Action
also: 3 pgs. of US Parole Comm. Opposition.

9-09-06
Date

Daryll Mason
Daryll Mason

U.S. Department of Justice
Federal Bureau of Prisons

Regional Administrative Remedy Appeal

7/20/06

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Mason, Daryll | 09497-007 | F-A | FCI Otisville |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** Sentence computation is incorrect. Issue One: Prior to being paroled in 2003 there was a discrepancy in the amount of days remaining on sentence. This discrepancy was corrected by Regional Annapolis Office BOP in late 2002. A mathematical computation was performed showing dates and amount of days credited towards sentence. This computation shows there was 1218 days remaining on sentence when paroled in 2003. Exhibit (B): 2003 computation, page two shows 1218 days remaining. A new computation was performed in 2006 that has 1276 days remaining. Attached also is part of the 2006 Parole Commission opposition to my writ of habeas corpus. It summerizes sentences and computation. On page three it will show that on 9-30-2003 sentence has 1276 days remaining. Clearly there is no credit given from 6-19-1995 through 5-23-1998. This time is lost because of parole violation on 5-23-1998. Exhibit (A): Document from HZG-DSC Team Alpha stating I was held in detention from 12-6-1997 through 2-2-1998. This time clearly has not been credited when computation was performed. This is the difference between the computations of 1276 and 1218. Therefore I am requesting a copy of the mathematical computation of my sentence showing dates and amount of days credited towards sentence beginning in 1988 until present date. Please send copies of all documents to support computation statistics. I have requested to review my original institutional file here at FCI Otisville and was told my file is not here. Written request have been made through case management and record office over 60 days ago and I still have not had acess to original Institution file. I last reviewed original institution file at Rivers

7-23-2006
DATE          See attached page 2-of-2...          Donald Mason
                                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____          _____
DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 417423-R1

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          PRINTED ON RECYCLED PAPER                    BF-230(13)
                                                              JUNE 2002

Regional Administrative Remedy Appeal

Correctional Institution in Winton NC in 2003. There was a mathematical computation in my institutional file at that time.

Issue Two: I am requesting credit for time spent in detion.
Iam requesting that the time spent in detention during 2004 and 2005 from 1-1-05 through 11-1-05 be computed and applied towards sentence present sentence. I was sentence to a 120 day misdemeanor. All remaining detention time should be applied towards parole warrant/presenat sentence. 18 USCS 3585 clearly clarifies that all sentence computations are corrected by Atorney General through BOP.Furthermore is clarifies that credit shall be given for all time spent in detention. If time is not credited towards another sentence. DC code 24-221.03 A,B,and C even states that if case is dismissed or aquitted time spent in detention shall be retroactively applied to warrant or detainer. Once court imposses sentence BOP computates according to courts sentencing order. If sentence from court is more than previously time held in detention than release date from sentence is determined by subtracting amount of days held in detention from total days owed on sentence to determine release date from sentence to detainer. Once the court imposes a 120 day sentence the amount of time to santisfy new sentence has been established.Because DC no longer computes their sentences the BOP through the Attorney General should compute sentence and all time spent in detention. Detention time not applied to 120 day sentence should be credited towards detainer/present sentence. The new case and detainer are both from same jurisdiction, Washington DC. I am entitled to recieve credit towards sentence for all time spent in detention when parties have lodge a detainer or warrant against me that has not been applied towards another sentence. Detainer was lodge prior to arrest. Filing date of warrant 1-28-2005. Exhibit D:Inmate Central Detention Facility  Record.

Respectfully Submitted

_Daryll Mason_

Daryll Mason          7-23-2006
Reg. 09497-007

2

MASON, Darryl
Reg. No. 09497-007
Appeal No. 417423-R1
Page One

---

### Part B - Response

You appeal the decision of the Warden at FCI Otisville on issues
concerning the calculation of your parole violation term.  You
allege the amount of days remaining to be served should have been
1218 days, not 1276 days.  You allege you were in custody from
December 6, 1997 through February 2, 1998, which should be
credited toward you days remaining.  You also allege you were in
custody in the D.C. Jail from January 1, 2005 through November 1,
2005, but you only received a 120 day sentence.  You request
credit for the difference towards your violation term.

An investigation into your appeal revealed on September 28, 1988,
you were sentenced in the Superior Court of the District of
Columbia to a term of 54 months imprisonment on a conviction for
of Unlawful Distribution of a Controlled substance (Cocaine).  On
August 8, 1989, you were sentenced to 5 years for Unlawful
Distribution of Cocaine and Possession with Intent to Distribute
Cocaine, consecutive to any other sentence; and you were
sentenced to an additional 3 years consecutive term.  These two
cases were aggregated to a total of 8 years, fifty-four months.

While serving these terms, you were placed on escape status
twice: from January 11, 1992 until January 13, 1992 and from
August 20, 1992 until June 6, 1994 for a total of two hundred and
ninety (290) days of inoperative time.

On October 20, 1994, you were sentenced for Prison Breach to a
term of 12 months.  This term was treated as consecutive to your
other sentences.  Your new aggregated maximum term was eight
years, sixty-six months.

You were paroled from these sentences on June 19, 1995 with 2718
days remaining to be served.  Your parole was revoked on May 23,
1998.  You were paroled from this violation term on April 7,
1999, with 2398 days remaining to serve.  Your paroled was again
revoked on November 4, 1999.  Your were paroled from this
violator term on March 30, 2001 with 1885 days remaining to be
served.  Your parole was revoked on January 28, 2002.  You were
paroled on September 30, 2003, with 1276 days remaining to be
served.  Your parole was revoked again on November 3, 2005.  The
United States Parole Commission denied your re-parole, ordered
none of the time spent under parole be credited and ordered you
to continue your sentence to the expiration of your maximum term.
Your projected release date is July 10, 2008, via Mandatory
Parole.

(Continued on Page Two)

**MASON, Darryl**
Reg. No. 09497-007
Appeal No. 417423-R1
Page Two

Assuming your allegations about prior periods of incarceration are correct, we find your violation term is computed correctly. You are under parole supervision even when you are taken into custody for other offense. After your parole revocation hearing, the U.S. Parole Commission determines whether credit for time under supervision is warranted. Once the Parole Commission determined no credit for time under supervision, you were subject to the days remaining on your sentence at the time of your most prior parole release. Your computation has been calculated and certified by the Designation and Sentence Computation Center (DSCC). Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: August 30, 2006

D. SCOTT DODRILL
Regional Director