UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DARYLL LARENZO MASON, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 06-358 (RCL) |
| UNITED STATES PAROLE COMMISSION, *et al.*, | ) |
| Respondents. | ) |

MEMORANDUM OPINION

In this action for a writ of *habeas corpus*, petitioner challenges the government's calculation of his sentence.[1] Upon consideration of the parties' submissions and the entire record, the Court finds no basis for issuing the writ. The petition therefore will be denied and the case dismissed.

I.  BACKGROUND

On September 28, 1988, the Superior Court of the District of Columbia sentenced petitioner to a prison term of 18 to 24 months for distribution of cocaine (Case No. F-1903-98). On August 8, 1989, the Superior Court sentenced petitioner to a prison term of 20 months to five years for distribution of cocaine and possession with intent to distribute cocaine (Case No. F-10709-88), to run consecutive to the 1988 sentence. In addition, because petitioner had committed the latter offenses while on pretrial release from the former offense, the Superior Court imposed an additional one to three year consecutive sentence pursuant to

---

[1] Although petitioner is currently incarcerated at the Federal Correctional Institution in Otisville, New York, he lodged this action while confined at the District of Columbia's Correctional Treatment Facility. This Court therefore retains jurisdiction over the petition. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n.1 (D.C. Cir. 1988).

D.C. Code § 23-1328. Pursuant to D.C. Code § 24-428 (repealed), the foregoing sentences were "aggregated together for a total term of one (1) plus thirty-eight (38) months to eight ((8) years plus fifty-four (54) months." Declaration of Augustus Faller (Dkt. No. 18 Attachment) ¶ 4. From January 11-13, 1992, and from August 20, 1993 to June 6, 1994, petitioner was placed on escape status "for a total of . . . 290 days of inoperative time days." *Id*. Petitioner was sentenced to a prison term of four to 12 months for prison breach on October 20, 1994, which, pursuant to D.C. Code § 23-112, was run consecutively to the other sentences. His "new aggregated maximum term is eight (8) years, plus sixty-six (66) months. . . ." *Id*. ¶ 5.

Petitioner was released to parole supervision on June 19, 1995, with 2,718 days (approximately 7.4 years) remaining on his sentence. His parole was revoked on May 23, 1998. Petitioner was again released to parole on April 7, 1999, revoked on November 4, 1999, released on March 30, 2001, revoked on January 28, 2002, released on September 30, 2003, and revoked on November 3, 2005. In between, petitioner was detained in 2004 on an unrelated charge filed in Superior Court (Case No. F-3683-04). *Id*. ¶¶ 6-8. Petitioner's full term release date currently is March 11, 2009; his projected release date is June 2, 2008. *Id*. ¶ 10.

## II.  DISCUSSION

The extraordinary remedy of *habeas corpus* is available to District of Columbia prisoners if the prisoner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner asserts that the aggregation of his sentences contravenes the sentencing court's commitment order and has resulted in his "being held illegally on expired sentences." Petition at 1. He also seeks credit for time he spent in custody on a parole violator warrant (December 6, 1997 to February 2, 1998) and while

detained on Superior Court charges (August 2-13, 2004, and January 3, 2005 to November 3, 2005). Finally, petitioner claims that the United States Parole Commission denied him due process at his parole revocation hearing. *See* Pet.'s Response to Respondent['s] Opposition to Petition [for] Writ of Habeas Corpus ("Pet.'s Res.") [Dkt. No. 15 Attachment].

*A. Sentence Calculation*

In response to petitioner's opposition, the Parole Commission has recalculated his sentence and credited him for the time spent in custody from December 6, 1997 to February 2, 1998, on a parole violator warrant. Faller Decl. ¶ 3. This claim therefore is moot. Respondent rightly claims that petitioner is not entitled to credit for the time served on the Superior Court charge unrelated to the parole violation because he ultimately was convicted of that charge. *Id*. ¶ 9; *see* D.C. Code § 24-221.03 (requiring credit for time spent in custody or on parole "as a result of the offense for which the sentence was imposed").

Regarding petitioner's challenge to the sentence aggregation, the applicable District of Columbia law requires that institutional good time credit "be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory." D.C. Code § 24-428(b) (repealed). Pursuant to subsection (a)(6), "[w]hen 2 or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the good time credits shall be applied." *Id*. In illustrating his point, petitioner asserts that the sentence aggregation "ignor [sic] maximum dates on each sentence. They [sic] add them together making one long sentence. This allows larger window periods for violation, resulting in lost [sic] of all time spent on parole for minor infraction. Violations often occur after sentence should have expired if maximum dates were

honored." Pet. Att. This argument is "patently frivolous and without the requisite semblance of a foundation in law." *Goode v. Markley*, 603 F.2d 973, 977 (D.C. Cir. 1979) (rejecting claim of constitutional and statutory violations arising from "the aggregation of [] consecutive sentences for the purpose of determining parole eligibility"). Petitioner's fate is directly tied to his inability to comply with the conditions of his parole and, consequently, his loss of time credited toward service of his sentences. District of Columbia law requires the forfeiture of street-time credit earned by a parolee upon the revocation of his parole. *See* D.C. Code § 24-406(a) ("If the order of parole shall be revoked . . . [t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced."); *United States Parole Commission v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997), *aff'd on reh'g*, 711 A.2d 85 (1998) (en banc) (interpreting § 24-206(a) [renumbered § 24-406(a)] on certification of question from the District of Columbia Circuit). And, any previously earned institutional credit for good behavior may not be applied to the "new sentence" imposed following parole revocation. D.C. Code § 24-406(a); *see Teachey v. Carber*, 736 A.2d 998, 1006, n.12 (D.C. 1999) (individual "found to have violated [] parole . . . has no valid claim for restoration of good time credits"); 28 C.F.R. § 2.35(b) ("once . . . an offender is conditionally released . . . the good time earned during that period of imprisonment is of no further effect . . . [to shorten his supervision or remaining sentence]").

### B.  Parole Revocation Proceedings

In his response served upon respondent on June 22, 2006, petitioner asserts in a new claim that the Parole Commission violated his right of due process during parole revocation proceedings when "the parole examiner held a pre-hearing conversation with the arresting officer and dismissed the officer prior to [the] parole hearing." Pet.'s Res. at 3-4. He

therefore claims that he was denied "his right to confront witnesses." *Id*. at 3.[2]  A parolee has a Fifth Amendment liberty interest in maintaining his "conditional" freedom and therefore is entitled to due process prior to revocation. *See Ellis v. District of Columbia*, 84 F.3d 1413,1420 (D.C. Cir.1996) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)).  That entitlement, however, is limited to notice and an opportunity to be heard in a reasonably timely manner. *See id*. at 1421-24 (discussing *Morrissey* standards).  Absent a violation of the Constitution or federal law, the court is not authorized under 28 U.S.C. § 2241 to disturb the Commission's parole decision. *See, e.g., Alamo v. Clay*, 137 F.3d 1366, 1368 (D.C. Cir. 1998) (citing *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976)).  As a general rule, "[t]he courts are without power to grant [] parole or to judicially determine eligibility for parole.  Furthermore, it is not the function of the courts to review the discretion of the Board in the denial of applications for parole, or to repass on the credibility of reports and information received by the Board in making its determinations." *Billiteri v. United States Bd. of Parole*, 541 F.2d at 944 (quoting *Brest v. Ciccone*, 371 F.2d 981, 982-83 (8th Cir. 1967)).  A decision "either totally lacking in evidentiary support or [] so irrational as to be fundamentally unfair . . . would violate due process." *Duckett v. Quick*,  282 F.3d 844, 847 (D.C. Cir.) *cert. denied*, 537 U.S. 863 (2002).  As discussed next, such is not the case here.

Following a parole revocation hearing at which petitioner was represented by counsel, the hearing examiner found petitioner guilty of having committed five of six parole violations, three of which involved illegal drug activity and two of which were based on petitioner's

---

[2] Petitioner also complains about other matters that the Commission clarified or resolved in his favor on administrative appeal by Notice of Action on Appeal dated June 13, 2006, shortly before petitioner filed his response in this case. *See* Gov't Reply at 3-5 and Attachment B.

failure to report. Pet.'s Res., Ex. E (Notice of Action) at 1. Four of the guilty findings were based on petitioner's admission to each charge and documentary evidence. The remaining finding of guilt (Charge No. 3) was based on petitioner's conviction for possession of cocaine and a police report. *Id*. The Commission made no finding on the sixth charge of possession of drug paraphernalia because of insufficient evidence. *Id*. at 2.

    On administrative appeal, the Commission addressed petitioner's claim that he was denied the right to confront and cross-examine adverse witnesses. It found "no error" in the hearing examiner having based the findings on documentary evidence and petitioner's version of events in which he admitted to possessing drugs but denied his intent to sell drugs. Res. Reply, Attachment B (Notice of Action on Appeal at 1). In addition, the Commission determined that no prejudice arose from the examiner's pre-hearing dismissal of the police officer subpoenaed to testify about the sixth charge because the examiner made no finding as to that charge. *Id*. The Commission rightly stated that the "right to confront adverse witnesses is not absolute" in parole revocation proceedings. *Id*. *See Ash v. Reilly*, 431 F.3d 826, 830-31 (D.C. Cir. 2005). Rather, the inability to confront an adverse witness at a parole revocation hearing reaches a constitutional dimension only upon a showing of resulting prejudice. *Ash,* 431 F.3d at 830 (citing *Crawford v. Jackson*, 323 F.3d 123, 131 (D.C. Cir. 2003); *Maddox v. Elzie*, 238 F.3d 437, 444 (D.C. Cir. 2001)). Prejudice is determined by examining "the quality and quantity of nonhearsay and reliable hearsay evidence supporting the decision to revoke parole." *Id*. (citation omitted). To the extent that petitioner is challenging the Commission's reliance on the police report documenting Charge No. 3 (drug possession), he has not demonstrated any prejudice inasmuch as the report, dated the next day, is signed by the police officer who witnessed the underlying events and participated in

effecting petitioner's arrest.  The police report therefore bears "sufficient indicia of reliability" to support the examiner's decision with respect to that charge.  *Crawford*, 323 F.3d at 129.  In any event, petitioner's subsequent conviction for drug possession stemming from that event and his admission to the four other violator charges provide overwhelming support for the Commission's decision to revoke his parole.

     For the preceding reasons, the application for a writ of *habeas corpus* is denied.  A separate Order accompanies this Memorandum Opinion.


                                                _____s/_____
                                                Royce C. Lamberth
                                                United States District Judge

Date: November 21, 2006